PEOPLE EX REL. REYNOLDS *v.* JUDGES OF MACOMB CIRCUIT COURT.

A party who has stayed execution on a judgment against him in a justice's court, cannot afterwards appeal.

MOTION for a madamus.

*Terry*, for the motion.

*D. C. Walker and Hand*, contra.

*By the court*, WING, J.    Judgment was recovered before a justice of the peace against the relator, who thereupon gave security for stay of

execution; and thereafter, and within five days from the rendition of judgment, gave notice of his intention to appeal the case to the circuit court, and entered into a recognizance therefor.   The circuit court ruled that no appeal could be taken from the judgment under such circumstances, and refused to allow the appeal to be entered; and the relator now moves this court for a mandamus directed to said court, commanding them to allow the appeal to be entered.

The 9th section of the justices' act of 1841, provides, that any party to a judgment rendered by a justice of the peace, conceiving himself injured or aggrieved by such judgment, may appeal to the circuit court; and the 95th section provides, that the party appealing, his agent or attorney, shall, within five days from the rendition of judgment, enter into a recognizance, with at least one sufficient surety, conditioned to prosecute such appeal.

By the 77th section of the same act, it is provided, that no execution shall issue on any judgment rendered by a justice, except, &c., if the judgment debtor shall, within five days after the rendition of the judgment, give security in writing, with one or more sureties, satisfactory to the judgment creditor or the justice, for the stay of the execution and for the payment of the debt or damages, with the interest thereon, and costs, in three months, &c.

By the 78th section of the same act, it is provided, that when execution shall have issued within five days after the rendition of judgment, if the defendant shall, within the five days, give security, the execution shall be returned, and the property or body of defendant, if taken upon it, shall be released.

It is provided in section 73 of the same act, that in all cases where security is given for stay of execution, if the debt or damages, and the interest thereon, together with the costs, shall not be paid within the time limited by law for such stay, execution shall be issued by the justice, on application of the judgment creditor, or his agent, against both principal and surety, in the same manner as if judgment had been entered against both such defendant and surety on return of process personally served.

The relator, for the purpose of staying execution on the judgment rendered against him, gave security, under the provisions of the 77th section.   He had, during the five days next after the rendition of the

judgment, the option of staying execution, or of appealing; he could not do both—for the one is inconsistent with the other. ' And shall we say the last act in this case should be the only operative and effectual act? It could not have been the intention of the legislature to give to the judgment debtor the privilege of sporting with the rights granted to him. If, for any cause, he did not obtain justice, he could appeal; if satisfied with the judgment of the justice, he could delay the execution by giving security. Abundance of time is granted for deliberate consideration, with the full privilege of choice between the two expedients afforded him by the statute. The statute does not, in express terms, impose any restriction in either case, nor make it a condition that he may do the one act if has not done the other; neither does it provide that if he elects to adopt one course, he may subsequently avoid it by the adoption of the other. He has two absolute unqualified rights—he cannot effectually exercise but one. The relator, by entering stay of execution, in effect admitted that the judgment was right, and the debt honestly due to the respondent. He has entered into a formal written engagement, together with his surety, that the debt shall be paid within a specified time. By this act, a new party is added to the judgment; and by it, and as a compensation to the respondent for the indulgence granted to the relator, additional security is acquired for the payment of the debt. The respondent had not the power to control the choice of the relator; but when once his choie is made, and the security is given, it becomes like a recognizance, a solemn undertaking, a statutory judgment acknowledged to the respondent, who is a party to it, and without whose consent it cannot be annulled. See Schenck *v.* Lincoln, 17 Wendell 506. The security cannot appeal, he must pay the judgment if the relator fails to do so. Shall it be said that this liability is subject to the right of appeal by the relator; and that if an appeal is taken, the judgment against the surety is canceled? As against the relator, and before he had given security, the effect of an appeal would have been to open the judgment and grant a new trial. 17 Johns. R. 131. But after he has made his election, and the security has been given, does it vacate the security? The statute does not so declare. If allowed, would it not operate as a surprise upon the judgment creditor? After he knew security was given, would he probably inquire if an appeal had been taken?

It is our duty to give such construction to the act as will harmonize its different provisions, and preserve the rights of parties, as well plaintiff as defendant. I think this can be accomplished by holding, as this court does, that the relator, by filing security, has made his election, and is estopped from further litigating the justness of the respondent's claim.

In the case of Nealy *v.* Sexton, Wright's R. 314, the same question was presented, and it was decided that a party against whom there is a judgment, may stay execution and appeal also; that a party may desire to stay execution, in order to obtain counsel as to the propriety of appealing, and thus save the expense of taking his property or body in execution.

By the laws of Ohio, the judgment creditor might issue execution the moment judgment was rendered. By the 77th section of our act this is prohibited, except in one case, until after the expiration of five days; so that there is not the same necessity for giving stay to get time for reflection, with us as in Ohio. Again, in Ohio the surety for stay of execution enters into a recognizance, and if the debt is not paid at the time specified in the recognizance, execution does not issue against the principal and surety, as with us, but suit must be brought on the recognizance, as in other cases.

*Motion denied.*