### The People, on relation of Pierre Teller v. Flavius J. Littlejohn, Judge, &c.

No written request for a finding by the Circuit Judge is necessary, except where a party desires a detailed finding on the facts of the case, as well as on the law points.

Nor is the right to except for supposed errors of decision affected by the absence of a written finding by the Circuit Judge.

Where time has been allowed for preparing and settling exceptions, and it has expired without action, the Circuit Judge has power to make a further order for that purpose.

Such further order having been made by the Circuit Judge, he can not afterwards disregard it, and refuse to settle the exceptions because not presented for the purpose within the time first allowed.

*Submitted April 22d. Decided December 2d.*

THE PEOPLE *v.* LITTLEJOHN.

---

Motion for a mandamus.   The facts are stated in the opinion.

*Hughes & Wooley*, for the motion.

*L. D. Dibble*, contra.

CAMPBELL J. :

This is an application for a mandamus.   Teller being plaintiff in a suit tried before respondent, alleged exceptions upon the trial, which was without a jury.   The exceptions were to the decision of the Court upon the effect of the plaintiff's evidence—that decision involving questions of law. In pursuance of an understanding between the counsel in the presence of the Judge, he ordered that plaintiff might make and serve a bill of exceptions in twenty days, giving defendant twenty days to propose amendments, and providing for ten days notice of settlement.   This order was never entered, and plaintiff's counsel supposed it allowed him thirty days to prepare his bill, which he served within that time, but not within twenty days.   Upon the service defendant's counsel said the time had expired, but retained the paper and made no further objection.   Having proposed no amendments he was served with a notice of settlement for March 19, 1861, which he returned with a notification that he did not recognize the proceedings.   Plaintiff's attorney then, on March 13, 1861, obtained a written order from the Judge, extending the time for presenting and settling exceptions to the 22d day of March, 1861, and ordering service of the exceptions and notice of settlement for that day, in season for preparing amendments and attending the settlement under the rule in such case provided.   On the appointed day the hearing was postponed by consent, to a subsequent time, no waiver of objections being made.   On the day agreed upon the defendant's counsel objected to

the settlement, and the Court refused to settle the excep-- tions on two grounds; *First*, because the plaintiff's counsel did not serve the exceptions within the twenty days first appointed; and *Secondly*, because no written finding was .requested of the Court.

There is no rule of Court or provision of law which. requires a written request for finding, unless where a party desires a detailed finding on the facts of the case, as well as on the law points. See *Rule* 87. The statute and the rules both recognize fully the right to except for any supposed improper ruling. And the exceptions taken here come strictly within section 3438 of the Compiled Laws.. Without deciding whether the statute requiring a written finding of some sort (section 3436) is peremptory under all circumstances, we are entirely clear that a right to except for supposed errors of decision can not be affected by the absence of a written finding.

The order allowing the plaintiff to present exceptions. for settlement on the 22d of March, was a valid order,, and expressly authorized by rule 85. This being so, the plaintiff had an absolute right to proceed and have the bill settled by the Judge. Under rule 86 the exceptions. need not be served nor amendments proposed before the day appointed or noticed for the settlement. There was. a strict compliance with the rule granted, and with the general practice. If the original order (not having been entered) was of any validity, it was superseded by the written order last granted.

Plaintiff is entitled therefore to have his bill settled in. accordance with the facts, which will of course be properly disposed of when the settlement takes place. The mandamus. will issue directing the Circuit Judge to appoint a reasona-- ble time and place when he will attend upon such settlement. The case is not a proper one for costs, as the questions are. questions of practice under merely judicial action.

THE PEOPLE v. LITTLEJOHN.

MANNING and CHRISTIANCY JJ. concurred.

MARTIN CH. J. dissented, not regarding this as a proper case for a mandamus.