## The People ex rel. Dean v. The Board of Registration of Nankin.

*Board of Registration: Their duty as to the mode of determining the qualifications of voters.* When a person applies to the Board of Registration for the purpose of having his name registered as a voter, and offers to be sworn as to his qualifications, it is the duty of the board to examine such person upon his oath. They have no right to reject him on mere inspection.

Where the return made by respondents denies that the relator was entitled to be registered as a voter, an issue will be directed to determine the fact.

*Heard and decided November 9th,* 1866.

Petition for mandamus.

This was a petition for an order that respondents show cause why a writ of *mandamus* should not issue to compel them to register the name of the relator as a legal elector of said township, upon his showing to them, in the manner required by law, his right to such registration.

The petition of Dean set forth that he was a citizen of the State of Michigan, and a resident of the township of Nankin, Wayne county, in which place he had resided for nine months, and in the state ten years, and that he was thirty years of age; that he was a white person, and a legal elector under the Constitution of the state, and that his father and mother were each of them white persons, though possessing less than one-sixteenth Indian blood, and that he (the petitioner) had less than one thirty-second of Indian blood in his veins, the balance being pure white or Caucassian; that on the third day of November last, he applied to the board of registration of the town of Nankin for the purpose of having his name registered among the legal electors of that town, and requested the said board to register his name as such elector, and offered to make oath, as required by law, of his possessing the requisite legal qualifications which entitled him to such registration, but that the said board refused to register his name, or to put him upon his oath, as requested;

and did declare that the petitioner was a negro, and that they would not examine him in relation thereto.

The answer of respondents set forth that they had always considered relator as a negro; that upon his application he tendered no evidence of his statement excepting his own oath, and that from their previous knowledge of him, his dusky complexion and curly hair, they *still* considered him a negro. The answer also admitted, as set forth in the petition, that they refused to receive his oath at the time of his application.

*H. M. Cheever,* for relator.

When a specific duty is imposed by statute, as in this case, upon public officers, and they refuse to execute it, they may be compelled to act, by *mandamus,* and as to corporations and ministerial officers, the writ may also direct how they shall act. — 20 *Barb.* 294; 1 *Barb. S. C. R.* 34; 1 *Doug.* 319; 20 *Wend.* 658.

It has been granted to compel such officers to meet and perform a duty; *e. g.* to restore names struck off an assessment roll. — 4 *Hill,* 20; 4 *Seld.* 318.

In this case, the duties of respondents · is clearly defined by section 12 of the Registry Act. — *Laws of* 1858, *p.* 490. After providing for a session of the board, to be held at a specified time, it says: "During this session it shall be the right of each and every person who, at the next approaching election or township meeting, may be a qualified elector, and entitled to vote thereat, and whose name is not already registered, to have his name duly entered on such register, which shall be done in the manner and form above set forth. The board shall have the power, and it shall be their duty, and the duty of the clerk, and of the supervisors individually, when acting under this statute, to question every person presenting himself for registration touching his residence and his other qualifications as an elector of the township, and it shall be the

duty of the applicant to make truthful answer to all such questions."

It was the duty of respondents, if they entertained doubts as to the qualification of relator, to question him, and receive his oath, if tendered. They could reject his application for registration only when convinced, after hearing the application, of its falsity.

The answer of respondents to the petition, admitting that they rejected the application, without questioning relator, and solely on their own opinion of his ineligibility, a *mandamus* should issue, compelling them to investigate the facts, and, if found to be as charged in the petition, to register him as an elector.

*Moore and Griffin,* for respondents.

Section 13 of the Registry Act is as follows : " The name of no person but an actual resident of the township at the time of registration, and entitled under the Constitution to vote at the then next election or township meeting, shall be entered in the register. Neither the board, nor any member thereof, shall write or enter therein the name of any person, nor suffer him to write or enter his name therein, whom they know or have good reason to believe not to be such resident and so qualified."

Under this the board have the right to reject any application, without taking testimony, or examining the applicant, if they are satisfied from their own knowledge, or any circumstance connected with the applicant or his application, that he is not entitled to registry. The board in this case acted fairly, within the scope of their authority, and no *mandamus* should issue.

BY THE COURT.

It was the duty of the respondents, when the relator offered to be sworn to his qualifications, to examine him on oath; and while they would not be absolutely bound

by his statements, they had no right to reject him on mere inspection. A failure on their part to perform their duty would not, however, entitle the relator to be registered; and the return now made would seem to propose an issue of fact upon his qualification. If the respondents still think the relator not qualified, within the decision of this court in *People v. Dean,* we will direct an issue of fact to be sent for trial by jury; but if they should now consider him entitled, and do not desire to contest the point, we can issue a peremptory mandamus, by consent, at once. It rests with respondents to say whether they will have a trial of the issue or not.

On consultation with the respondents, Mr. Moore assented that a peremptory mandamus should issue.

*Ordered,* that a peremptory mandamus issue, commanding the respondents to meet within thirty days, and cause the relator to be registered, and that they pay ten dollars costs.