Your verdict will be in one of the following forms:

The jury find that the instrument propounded is the last will and testament of Thomas Patterson, deceased, or,

The jury find that the instrument propounded is not the last will and testament of Thomas Patterson, deceased.

Verdict against sustaining the will.

---

THE PEOPLE, ex rel., WM. H. GREEN vs. THE HIGHWAY COMMISSIONERS OF THE TOWNSHIP OF COLDWATER.

1. Costs on the decision of an application for a mandamus after an order to show cause has been issued, and a showing made in answer thereto by affidavits, are taxed as on a motion and not as in ordinary suits at law in favor of the prevailing parties.

2. The order to show cause is answered by affidavits, and when heard on such answer the proceedings are treated and considered prior to the issuing of the writ of mandamus as a motion or an application for the issuing of the writ, and under Act No. 28, Laws of 1869; page 33, costs in such proceedings are to be awarded as in cases of special motion.

*Branch Circuit, February*, 1871,

Motion for re-taxation of costs.

Upon the application of the relator in this case an order to show cause had been issued to the Commissioners of Highways, who had answered the same by affidavits, and on the hearing, a motion for a mandamus had been denied. The Commissioners, however, claimed that as in the order denying the motion, time had first been given to the relator to traverse the facts set up in the answer or affidavits, if he saw fit, so as to tender an issue of fact for trial, and that as the relator had elected not to do so, the attorney for the Commissioners had formally entered his default on the expiration of the time, making the order denying the motion absolute, with costs, and

therefore they were entitled to tax under Act No 28, Laws of 1869, page 32, costs as in a judgment taken by default and paid accordingly, included $15 in their bill of costs under that head. The relator objected to the taxation of this item, and appealing therefrom moves for a retaxation.

*Shipman & Loveridge* and *C. B. Pratt*, Attorneys for Relator.

*L. T. N. Wilson*, Attorney for Commissioners.

*By the Court,* UPSON, J.—Applications for a mandamus in which a rule or order to show cause has been granted and a hearing had on answer made to such order by affidavits, have usually been considered and treated as motions. 1 *Doug. Mich. R.*, 302, 319, 417, 434; 2 *Id.*, 121; 1 *Mich.*, 134, 359; 2 *Id.*, 188, 192; 3 *Id.*, 427; 4 *Id.*, 187; 9 *Id.*, 134, 141, 327, 328; 11 *Id.*, 111, 222; 12 *Id.*, 171, 191; 16 *Id.*, 204; 17 *Id.*, 67, 159, 338, 341; 18 *Id.*, 247, 254, 338.; 19 *Id.*, 203, 351.

And costs on such hearings in the Supreme Court are somewhat discretionary, and are given or denied as on motions. In the following cases costs were denied, viz: 2 *Mich.*, 188; 5 *Id.*, 223; 17 *Id.*, 338; 19 *Id.*, 470. In the following cases costs were allowed, viz: 11 *Mich.*, 60, 222; 15 *Id.*, 156; 17 *Id.*, 260; 18 *Id.*, 247; 19 *Id.*, 203, 296.

The order in granting costs also usually specifies or fixes the amount, notwithstanding Rule 48 of the Supreme Court, in regard to the amount of costs to be allowed to the " prevailing party." 15 *Mich.*, 155; 18 *Id.*, 247.

In each of the cases last cited the Court allowed but $10 costs, although Rule 48 of said Court allows " in cases disposed of upon argument a counsel fee of $30." Such applications for a mandamus were evidently not considered as included in that rule, although in 11 *Mich.*, 197, and 19 *Id.*, 11, they are considered calendar cases.

In the case in 15 *Mich.*, 156, a like opportunity was also given to the respondents to have an issue of fact made up for trial by jury, which they had declined to accept. See an instance where such an issue of fact was ordered to be sent down to the Circuit for trial, in 17 *Mich.*, 159.

Where such a trial is had, doubtless a different rule as to costs would obtain in the case. Under the circumstances of this case it must be considered a special motion, and the costs awarded on it as in cases of motion. The Act, No. 28, of 1869, page 32, provides that " in all cases of special motion, such sum shall be awarded to either party as the Court in view of the circumstances shall deem just," which provision in its terms seems applicable here, if that act is to regulate and govern in these cases. Let the order denying the application for mandamus with costs, be so amended as to fix the costs awarded at $10, and the bill of costs be taxed in conformity to such order.