JOSEPH M. LENHOFF v. JOHN A. EDGET, CIRCUIT JUDGE
OF SAGINAW COUNTY.

*Settlement of bill of exceptions.*

Where the time for settling a bill of exceptions has been *regularly* extended during the term at which the case is tried, the circuit judge may settle the same at any time thereafter, at his discretion; and he is not deprived of this right because the term of the extension has expired; citing *White v. Campbell,* 25 Mich. 463, which is held to lay down this doctrine.

*Mandamus.* Submitted October 21, 1890. Denied October 24, 1890.

Relator applied for *mandamus* to vacate order extending time for settling bill of exceptions. The facts are stated in the opinion.

*W. G. Gage,* for relator.

*C. S. Draper,* for respondent.

CAHILL, J. The question in this case involves a construction of circuit court rules 85 and 86, relating to the settlement of bills of exceptions.

On July 9, 1890, the plaintiff recovered a verdict in the Saginaw circuit court against the Liverpool & London & Globe Insurance Company for $951.29. On the same day an order was made in the case extending the time to July 24, 1890, for either party to move for judgment on the verdict, or for a new trial, or to settle a bill of exceptions. On July 24, a motion by defendant for a new trial was heard, and denied, and a judgment

entered on the verdict. On the same day an order was entered extending the time to settle a bill of exceptions to and including October 1 following.

The June term of court, at which the cause was tried, was extended from time to time until September 30, 1890. Court convened for the October term on October 6, and on that day defendant's counsel presented a bill of exceptions for settlement. Plaintiff's counsel objected to a settlement of the bill, on the ground that the time within which to settle it had expired October 1. It was claimed by defendant's counsel that the bill had been prepared and ready for settlement before October 1, but had not been presented for settlement before, because they had understood that the time had been extended to the first day of the October term, instead of the 1st day of October. The circuit judge returns that this claim of defendant's counsel was not questioned, and, believing it to have been made in good faith, he decided to and did make another order extending the time 20 days within which to settle the bill of exceptions. This is the order complained of, and we are asked to require the circuit judge to vacate it. We have declined to do so.

Circuit court rule 85 provides that a bill of exceptions shall, when prepared, be noticed for settlement during the term at which the trial was had, unless the court or circuit judge shall otherwise order. In this case the court did otherwise order. Rule 86 provides as follows:

"At or before the time specified for settling such bill of exceptions, the party alleging such exceptions shall serve a copy thereof on the opposite party, who may propose amendments thereto in writing, and the same shall thereupon, *or at such other time as he shall appoint*, be settled by the judge according to the facts, and signed by him," etc.

It was claimed by relator that, as the order of July 24 did not extend the time for settling the bill into the next term, the court had no jurisdiction to again extend the time, and that the case of *White v. Campbell*, 25 Mich. 463, did not apply. We do not consider the particular language used by the Court in the case just referred to as indicating that special stress was laid upon the fact that the first extension of time had been *into* the succeeding term. There is nothing in the rule or practice to indicate that that fact was important. That happened to be the time to which the time had been extended in that case. The doctrine laid down in that case was that when the court had, during the term at which the case was tried, regularly extended the time for settling a bill of exceptions, the judge had full authority to settle the same at any time thereafter, at his discretion. The fact that the time limited in a previous order has expired does not deprive the court of jurisdiction. The same rule had been adopted, although not so clearly stated, in the earlier case of *People v. Littlejohn*, 11 Mich. 60.

Those cases rule this one, and the *mandamus* will be denied.

CHAMPLIN, C. J., MORSE and GRANT, JJ., concurred.