ROBERT A. DAVIS, d. b., *vs.* ANDERSON PARKER, p. b.

*Justice of Peace—Certiorari—Diminution—Part of Record Lost— Statement Filed Before the Justice—Practice—Record of Judgment.*

If it does not sufficiently appear to the Court that a proper statement, under the law, was filed before the Justice, the judgment will be overruled on *certiorari.*

(*October 30, 1900.*)

LORE, C. J., and GRUBB, J., sitting.

*Henry Rigely, Jr.,* for plaintiff in error.

*Richard R. Kenney* and *Arley B. Magee* for defendant in error.

Superior Court, Kent County, October Term, 1900.

CERTIORARI to Peter L. Cooper, a Justice of the Peace, in and for Kent County (No. 10, April Term, 1900).

ACTION OF TRESPASS.—Judgment by default was rendered in favor of plaintiff for seventy-five dollars and costs by John S. Jester, a Justice of the Peace for said county, who afterwards died, and at the time of the taking of the *certiorari* the papers of said Justice had been turned over to Peter L. Cooper, the Justice above named. The following causes of diminution were filed at the April Term, 1900, to the record of said deceased Justice as sent up by Peter L. Cooper, his successor, viz. :

1. That a copy of the statement filed in the suit before the Justice by Anderson Parker, is not sent up by the Justice.

2. That the summons issued and the returns thereon are not sent up by the Justice.

3. That a copy of the verification of the return of the summons by the constable before rendering judgment by default is not sent up by the Justice.

No new record was sent up by Justice Cooper but only a certificate stating the following:

"I do certify that I sent up to the said Honorable Court, at the April Term of said Court, all the records in my possession relative to said case."

The following exceptions were filed by the plaintiff in error at the October Term, 1900, viz.:

1. Because it does not appear that any proper statement was filed by Anderson Parker, the plaintiff below, in said suit.

2. Because it does not appear that the proper and legal summons was issued in said suit, nor legal returns made thereon.

3. Because it does not appear that the constable made the legal verification of the return of the summons before rendering judgment by default.

LORE, C. J.:—The judgment is reversed, because it does not sufficiently appear to the Court that a proper statement under the law was filed.