# SPRING SESSIONS,
# 1909

———◆———

THOMAS E. ROBINSON, d. b., *vs.* CORA L. FISHER, p. b.

*Justice of the Peace—Judgment—Certiorari—Sum Certain.*

1.    A judgment of a Justice of the Peace for the sum of $20.10 debt with interest thereon at six per centum per annum from the sixth day of March, etc., is sufficient as for a sum certain, since facts are stated from which the amount of the judgment can be ascertained.

2.    The better practice is to ascertain the interest due at the time of the rendition of the judgment and enter judgment for a sum certain, including the debt and interest.

Del. case followed: *Thomas vs. Mariner*, 5 *Penn.* 571.

(*June* 29, 1909.)

PENNEWILL, C. J., and CONRAD and WOOLLEY, J. J., sitting.

*Robert C. White* and *James M. Tunnell* for plaintiff in certiorari.

*Andrew Marvel* for respondent.

Superior Court, Sussex County, June Term, 1909.

CERTIORARI to Roman Tamany, a Justice of the Peace in and for Sussex County (No. 4 June Term, 1909).

The record of the Justice set forth the sum demanded as $26.33, and his judgment rendered in the case as follows:

"And now, to wit, Saturday the 17th day of April 1909 at two o'clock in the afternoon, both the plaintiff and defendant being present this cause heard and after hearing the allegations and proofs of the plaintiff and defendant and maturely considering the same, judgment is hereby rendered against the said defend-

ant  Thomas  E.  Robinson  and  in  favor  of  the  said  plaintiff  Cora L. Fisher for the sum of twenty dollars and ten cents ($20-10-100) debt, with interest thereon at six per centum per annum from the sixth day of March A. D. 1909 together with the cost of this suit seven dollars and fifty-seven cents ($7-57-100) the return of this service having first been verified as by law required.

"ROMAN TAMANY, *J. P.*"

Among the exceptions filed to said record were the following:

"*First*—That the Justice of the Peace has not rendered judgment for a sum certain".

"*Fifth*—That the Justice of the Peace has rendered judgment against the said plaintiff in error for interest due from a date prior to the entry of the suit, which was not demanded by the said defendant in error."

PENNEWILL, C. J., delivering the opinion of the Court:

We can see no distinction between  the case now before us and the case of *Thomas vs. Mariner*, 5  *Pennewill* 571.    We understand Mr. White's contention to be that that case is  wrong in principle and should be overruled.

I find that I sat in that case.   My recollection is that when we decided that case, the cases laying down a different rule in *Marvel's* reports and in 6 *Houston* were before the Court.   In laying down a different principle in the *Mariner* case, we held that we ought to be as liberal as we could in passing upon records of Justices of the Peace, who are not lawyers, and if the record contained the facts which were necessary to make that certain which should be certain, that ought to be sufficient.   While a better practice would be to have the interest ascertained or calculated upon the  rendition of the judgment and enter a  judgment for a sum certain, yet the record, in the *Mariner* case, as in this case, did contain the facts from which it could easily be made certain; and in this case, as in that, we overrule th  exceptions and affirm the judgment below.