WILLIAM W. BLODGETT, d. b., *vs.* JOHN P. HUDSON, p. b.

1. CERTIORARI—RECORD—SUFFICIENCY.

A record on certiorari is sufficient, where the transcript, though it does not show that the oath required by *Rev. Code* 1915, § 4006, in case of a forthwith summons, was made, is aided by having attached thereto the affidavit as required and the summons with the verified return, and shows that the defendant, being personally served, appeared and was present at the trial and made no objection, since any defect as to the affidavit was cured by such appearance.

2. CERTIORARI—RECORD—SUFFICIENCY.

Though *Rev. Code* 1915, § 4028, requires a justice to enter in his docket the day of issuing process, when returnable, the return, and, in case of a forthsummons, the day of the return, the transcript, though it failed to disclose the day of the return, was good where the summons duly verified and attached thereto showed the return and the day.

3. INTEREST—AMOUNT RECOVERABLE—PLEADING.

In action of assumpsit, interest is allowable without being included in the statement of demand, although the amount of the judgment with interest exceeds the sum demanded.

(*April* 23, 1917.)

Judges BOYCE and CONRAD sitting.
*Ayres J. Stockly* for defendant below.
*Levin Irving Handy* for plaintiff below.
Superior Court, Kent County, April Term, 1917.
CERTIORARI, No. 23, April Term, 1917.

Statement—Opinion.

ACTION OF ASSUMPSIT before a justice of the peace by John P. Hudson against William W. Blodgett, on a book account for goods sold and delivered. Demand thirty-six dollars. Judgment for plaintiff. Defendant brings certiorari. Judgment affirmed.

The action was begun by a "forthwith" summons, on the twenty-sixth day of January, A. D. 1917. The judgment was entered on the same day "for thirty-six dollars with interest from the first day of May, A. D. 1916."

The exceptions to the record are: It does not appear by the record (1) that the justice was satisfied by the oath of the plaintiff, or any credible person that there was danger of the plaintiff losing the benefit of his process by delay, as required by *Rev. Code* 1915, §4006, in case of a forthwith summons; (2) that the justice set down the day of the return of the forthwith summons in the docket as required by *Rev. Code* 1915, § 4028; it does appear by the record (3) that the judgment given by the justice was not for a sum certain, in that the judgment was given "for thirty-six dollars with interest from the first day of May, A. D. 1916; (4) that the judgment was given in an amount larger than the amount demanded, in that, judgment was given for.   *   *   *"

BOYCE, J., delivering the opinion of the court:

[1] It is true that the transcript of the docket entries filed in this case does not show that the oath required by the statute, before issuing a forthwith summons, was made; yet the transcript sent up is aided by having attached thereto the affidavit which was made as required by the statute, and also the summons with the return verified. The transcript does show that the defendant was served personally, and that he appeared on the day the summons issued; and also that on the same day the "plaintiff and defendant being present" the justice proceeded with the trial without objection on the part of the defendant, and gave judgment in favor of the plaintiff. Independent of the affidavit attached to the transcript, the appearance of the defendant, and the trial going on without his excepting to it, cured the defect relied on by the first exception. *Bishop v. Carpenter*, 1 *Houst.* 526.

[2]   *Rev. Code* 1915, § 4028, requires the justice to make certain entries in his docket, among them being "the day of issuing process and when it is returnable, the return, and in case of a 'forthwith' summons the day of the return." The transcript of the record in this case does not disclose the day of the return. Ordinarily the record is bad unless it show the return of the summons and the day of the return. But the summons here, duly verified and attached to the transcript of the record, does show return and day of return, being the day it was issued. On the same day the trial was had with the defendant present and judgment was entered. The record sent up shows a substantial compliance with the statute.

This court has held that a judgment for a certain sum with interest thereon from a date prior to the bringing of the action, without being ascertained and included in the sum for which the judgment is entered, is sufficient as for a sum certain. *Robinson v. Fisher*, 1 *Boyce*, 1, 74 *Atl.* 365, following *Thomas v. Mariner*, 5 *Pennewill* 571, 66 *Atl.* 99. Contra, the ruling in *Etheridge v. Middleton*, 1 *Marv.* 139, 40 *Atl.* 714. *Carey v. Brinton*, 6 *Houst.* 340, also referred to, seems inapplicable.

[3]   Interest is allowable without being included in the statement of demand, although the amount of the judgment with interest, as in this case, shall exceed the sum demanded.

The exceptions are overruled and the judgment is affirmed.