ROSCOE C. HITCH, d. b., *vs.* EDWARD F. BURRIS and JOHN BURRIS, trading and doing business as E. F. BURRIS and SON, p. b.

JUSTICES OF THE PEACE—APPEAL—RECORD—REQUISITES.

Where the certified transcript sent up by the justice did not show the day of the return of the summons, or any adjournment, or the day to which any adjournment was made, or that the defendant had knowledge of any adjournment, or that the justice entered judgment on a day to which the case was adjourned, though it did show that a physician in attendance upon the defendant made application to the justice, on the day the summons was issued, for a continuance of the hearing until December 22, A. D. 1917, when, as shown,

"the plaintiff appears and the defendant does not appear, and after hearing the allegations of the plaintiff and his proofs and maturely considering the same judgment is hereby rendered by default of appearance in favor of the plaintiff," the record was fatally defective, in view of *Rev. Code* 1915, § 4028, requiring that every justice of the peace shall make a fair entry, in a docket, of every action commenced before him, therein setting down certain matters, "and in case of a 'forthwith' summons, the day of the return, every adjournment and the day to which the same shall be."

(*February* 7, 1918.)

Judges BOYCE and CONRAD sitting.
*James M. Tunnell* for defendant below.
*Andrew J. Lynch* for plaintiff below.
Superior Court, Sussex County, February Term, 1918.

Certiorari No. 12, February Term, 1918.

ACTION by Edward F. Burris and another, trading as E. F. Burris and Son, before a justice of the peace, against Roscoe C. Hitch. Judgment for plaintiffs. Defendant brings certiorari. Judgment reversed.

A "forthwith" summons was issued on December 18, A. D. 1917. *Rev. Code* 1915, § 4028, requires that every justice of the peace shall make a fair entry, in a docket, of every action commenced before him, therein setting down certain matters, "and in case of a 'forthwith' summons the day of the return, every adjournment and the day to which the same shall be," etc.

The certified transcript sent up by the justice did not show the day of the return of the summons, or any adjournment, or the day to which any adjournment was made, or that the defendant had knowledge of any adjournment, or that the justice entered judgment on a day to which the case was adjourned, though it did show that a physician in attendance upon the defendant made application to the justice, on the day the summons was issued, for a continuance of the hearing until December 22, A. D. 1917, when, as shown:

"The plaintiff appears and the defendant does not appear and after hearing the allegations of the plaintiff and his proofs and maturely considering

the same judgment is hereby rendered by default of appearance in favor of the plaintiff," etc.

The exceptions to the record were as above indicated.

BOYCE, J.    The record is fatally defective.    *Jaques v. Rice,* 1 *Har.* 33.    The record in this case distinguishes it from *Blodgett v. Hudson,* 6 *Boyce,* 462, 100 *Atl.* 571.

The judgment is reversed.