ALEKSANDER SLIVKA & MARYANNA SLIVKA, HIS WIFE, *vs.* JACOB MROCZKA.

164

(*February* 12, 1926.)

RICE and HARRINGTON, J. J., sitting.

*Robert Adair* for plaintiffs.

*Horace Eastburn* for defendant.

Superior Court for New Castle County, January Term, 1926. (No. 55, November Term, 1925)

HARRINGTON, J., delivering the opinion of the court:

The defendants in the judgment above referred to contend that the proceedings were erroneous because it not only does not affirmatively appear that the affidavit, upon which the forthwith summons was issued, was made before the issuance of such summons, but it also appears that the date of the summons precedes that of the affidavit. *Section* 4006, *Rev. Code* 1915, provides:

"The writ of summons shall be issued by the justice * * * dated on the day it is issued, and directed to any constable of the county * * *; and may be forthwith, if the justice shall be satisfied, by the oath of the plaintiff or of any credible person, * * * that there is danger of his losing the benefit of his process by delay."

A justice of the peace court is a statutory court, with limited powers, and jurisdiction over the person, as well as over the cause of action, must, therefore, appear from the record. *Woolley on Del. Prac.*, §§ 920, 921, 927; *Love v. Barnesville Mfg. Co.*, 3 *Penn.* 157, 50A. 536; *Cunningham v. Dixon*, 1 *Marv.* 163, 41 *A.* 519.

Omissions of this character in the transcript may, however, in some cases be cured by the original records if they are before the court in which the writ of *certiorari* is pending. *Blodgett v. Hudson*, 6 *Boyce* 462, 100 *A.* 571.

All proper and lawful inferences in favor of the regularity of the proceedings of a justice of the peace will, also, be drawn. *Woolley on Del. Prac.*, § 938; *Millaway, etc., v. Wilds*, 4 *Houst.* 283; *Elliott v. Morgan*, 3 *Harr.* 316. See, also, *Kinniken v. Kinney*, 4 *Harr.* 313; *Hudson's Adm'r v. Messick*, 1 *Houst.* 275; *Wolcott v. Shaw*, 5 *Houst.* 25.

In *Millaway v. Wilds*, *supra*, the Justice postponed the hearing of the case until a certain hour of a certain day, and the

record showed that judgment was rendered on that day. The objection was made on *certiorari* that it did not appear that such judgment was rendered after the hour to which the case had been adjourned. The court, however, held that it would assume that the proceedings were regular, and that the judgment was properly entered.

This case is governed by the same principle. Though the transcript does not affirmatively show that the affidavit was made before the summons was issued, the record, taken as a whole, does show that it was made on December 19, 1924. The transcript, also, shows that the summons was issued to the constable on the same day—December 19, 1924. This court will, therefore, assume that the proceedings of the justice were regular and the affidavit was made before the summons was issued.

While this question was not squarely passed on, there is an intimation to the same effect in *Blodgett v. Hudson*, 6 *Boyce* 462, 100 *A*. 571, *supra*. In that case the first exception was that it did not appear from the record "that the justice was satisfied by the oath of the plaintiff, or any credible person, that there was danger of the plaintiff losing the benefit of his process by delay."

The court said that while the transcript sent up did not show that the oath, required by statute before a forthwith summons could be issued, had been made, yet it was "aided by having attached thereto the affidavit which was made as required by the statute." They then commented on the fact that the record showed that defendant had been served personally and appeared at the trial, and then stated:

"Independent of the affidavit attached to the transcript, the appearance of the defendant and the trial going on without his excepting to it cured the defect relied on by the first exception." *Bishop v. Carpenter*, 1 *Houst*. 526[1].

■ It is true that the summons in this case bears date December 18, 1924; under ordinary circumstances there would, therefore, be a presumption that the justice complied with the provisions of the above statute (*Section* 4006, *Revised Code* 1915)

---

[1] See, contra, *Wooley on Del. Prac.*, § 921; *Davis v. Parker*, 3 *Penn*. 29, 50 *A*. 212; *Greeding v. Adams*, 2 *Marv*. 378, 43 *A*. 251.

and issued such summons on the day it bears date. Presumptions, however, cannot be resorted to to establish facts when there is direct evidence of such facts. *Cullen v. Lowery*, 2 *Harr.* 459; *State v. Long*, 2 *W. W. Harr.* (32 *Del.*) 380, 123 *A*. 350; *State v. Spencer*, 4 *Penn.* 92, 53 *A*. 337.

■ In a case of this character, the record taken as a whole, including the original papers sent up, constitutes the evidence before this court.

■ The usual presumption that the summons was issued on the day of its date cannot, therefore, apply in view of the express statement in the transcript that such summons was issued to the constable December 19, 1924.

For the reasons above given, the judgment below is affirmed.[2]

---

[2]In order to obtain a stay of execution the defendants in the judgment referred to in the above case gave security under *Section* 4022, *Rev. Code* 1915.

By reason of that fact, it was contended that there was an implied agreement not to sue out any proceedings in error, and *People v. Judges*, 1 *Mich.* 134, was cited in support of this contention.

As the instant case was decided on other grounds, it was not necessary for the court to pass on that point. The cases discussing the question are collected, however, in 3 *C. J.* 669, 670, 676. See, particularly, *Ranck v. Becker*, 12 *Serg. & R. (Pa.)* 412.

With respect to the right to appeal, as well as to issue a writ of *certiorari* on a judgment of a justice of the peace, in this state, see *Wooley on Del. Prac.*, §§900, 1435; *Williams v. Burchinal*, 3 *Harr.* 83.