JAMES R. NELSON and JOSEPH ERNEST RICHARDS *v.* CANADIAN INDUSTRIAL ALCOHOL COMPANY, LTD., a Corporation organized and existing under the Laws of the Dominion of Canada.

*(February* 5, 1937.)

HARRINGTON and RICHARDS, J. J., sitting.

*Hugh M. Morris* and *Ivan Culbertson* for plaintiffs.

*Richards, Layton* and *Finger* for defendant.

Superior Court for New Castle County, No. 36, September Term, 1934.

HARRINGTON, J., delivering the opinion of the Court:

Under its petition, the defendant company claims that as the judgment entered against it and all costs and interest thereon have been paid, that judgment should be marked paid and satisfied on the record thereof.

In this connection, it claims:.

1. That the plaintiffs are not entitled to interest from April 13th, 1935, the date of the verdict, to September 13th, 1935, the date of the entry of judgment thereon.

2. That in any event the judgment entered was merely for $100,000 and costs, and did not include interest from the date of the verdict; and that no such interest can therefore, be collected on that judgment.

The judgment entered was in the following form: "And Now To Wit, this Thirteenth day of September, A. D. 1935, judgment on verdict in favor of the plaintiffs for the sum of One Hundred Thousand Dollars, besides costs, etc."

A verdict, and the judgment subsequently entered thereon, are two separate and distinct steps in a judicial proceeding; and the amount of the judgment is ordinarily governed by the verdict. No citations are needed to support this statement, but that they are separate steps in the same proceeding is apparent from various statutory provisions of this State pointed out by the defendant.

Among other sections, this appears from *Sections* 4424, 3764 and 4283 of the *Revised Code of* 1915.

*Section* 4424 provides:

"The death of either party, between verdict and judgment, shall not be alleged as error, if judgment be entered within two terms after the verdict."

*Section* 3764 provides:

"Whenever a judgment is entered, or signed, in the Superior Court (except judgments on verdict when entered before the end of the term next after that in which the verdict is given), the Prothonotary shall set down on the docket the day, month, and year of actually entering or signing it."

The defendant particularly relies, however, on *Section* 4283, which provides:

"A judgment [entered] upon a verdict, if entered before the end of the term next after that in which it is given, shall be deemed to be entered at the same time as the verdict, and shall bind accordingly."

But these provisions do not settle the question before us.

In the early days of the common law, neither a verdict, the judgment entered thereon, nor any other debts, bore interest. *Kelsey v. Murphy,* 30 *Pa.* 340; *Erie Ry. Co. v. Ackerson,* 33 *N. J. Law* 33; *South. on Damages,* §§ 301, 302; 33 *C. J.* 180.

Even before the statutes of 3 and 4 *William IV.* and 1 and 2 *Victoria,* that rule had been modified in some particulars in England (*South. on Damages,* § 302), and under the later rule, it seems, that though perhaps in most cases it was collected by suit on such judgment, and not by execution process issued on it, interest could be collected on a debt reduced to judgment. *Watson v. Fuller,* 6 *Johns.* (*N. Y.*) 283; *Erie Ry. Co. v. Ackerson,* 33 *N. J. Law* 33; 2 *Freeman on Judg.,* § 1090, *p.* 2262.

In *Watson v. Fuller,* 6 *Johns.* (*N. Y.*) 283, Chancellor Kent, then Chief Justice, said:

" 'Upon a judgment at law,' as Lord Loughborough admitted (2 *Vezey, Jun.* 162), 'no interest subsequent to the judgment can be received. You may bring a fresh action for it, as a new cause of suit; but you cannot levy for it, nor charge the land under the elegit, with the intermediate interest from the date of the judgment.' And in another case, Lord Hardwicke said, that 'at law, where there is no penalty, no interest is given; where there is a penalty, you may levy the whole. If you bring an action of debt, interest may be recovered by that new action.' (2 *Ves. Jun.* 167.)"

In 2 *Freeman on Judgments, p.* 2262, § 1090, the author, also, said:

"It has sometimes been said that at the common law judgments did not draw interest, and in an action on a judgment rendered in another State, interest was in one case denied, because the court presumed that the common law prevailed in such state, and that it gave no right to interest. The court, however, was not correctly advised as to the common law. By that law, interest could not be collected by execution, and the defendant could satisfy the original

judgment at any time by paying the amount thereof, without interest. If an action was brought upon the judgment, this rule did not apply. The plaintiff was entitled to recover an additional sum, which some of the cases style interest and other damages; but which, by whatever name called, appears to have been equivalent in amount to the interest allowable in actions of debt."

In most cases, a money judgment is due when entered on the record; at any rate, it is always due at a fixed and definite time.

Whatever the later English rule may have been, the defendant, therefore, admits that a judgment debt ordinarily bears interest in this State (see *Stockton's Adm'r v. Guthrie*, 5 *Harr.* 204; *Mutual Life Ins. Co. v. Rodney*, 12 *Del. Ch.* 294, 114 *A.* 163; *Waples v. Waples*, 1 *Harr.* 392; *Jacobs v. Murray*, 1 *W. W. Harr.* [31 *Del.*] 209, 113 *A.* 803) ; and that such interest is collected by execution process issued on the judgment; the date from, which the interest is to be calculated, as shown by the record, being endorsed on the writ.

In view of the admitted facts, the precise theory on which the plaintiff's contention is based is not perfectly clear. They claim that they are entitled to interest from the date of the verdict, and that the judgment should not be satisfied until that amount has also been paid. But they apparently do not claim that the judgment entered was contrary to any statute, that it did not conform to the settled practice in such cases, or to any order of the court with respect to it. They, therefore, do not, and probably could not claim that the omission of such interest from the date of the verdict was a mere clerical error that, on application, could be amended, notwithstanding the general rule with respect to the finality of a judgment of this character at the adjournment of the term at which it is entered. See *Tweed v. Lockton*, 5 *W. W. Harr.* (35 *Del.*) 474, 167 *A.* 703. That being true, it is unnecesary for us to consider any of these questions.

The plaintiffs point out that there are cases which, irrespective of statute, hold that when the action is on a debt, which legally bears interest, and after verdict judgment and payment are delayed by the losing party by motions for a new trial and in arrest of judgment, subsequently denied, interest at the legal statutory rate, by way of damages, may be added to the judgment when finally entered. It is not denied that there are such cases. *Vredenberg v. Hallett, etc.,* 1 *Johns. Cas.* (*N. Y.*) 27; *Erie Ry. Co. v. Ackerson,* 33 *N. J. Law* 33; *Irvin v. Hazleton,* 37 *Pa.* 465; 1 *South. on Damages,* § 388; see, also, *Vail v. Nickerson,* 6 *Mass.* 262.

But there are, also, cases that refuse to apply that rule. *Baltimore City P. R. R. Co. v. Sewell,* 37 *Md.* 443; *Hawley v. Barker,* 5 *Colo.* 118; *Kelsey v. Murphy,* 30 *Pa.* 340; 1 *South. on Damages,* § 388.

Interest rates are fixed by statute, and ordinarily do not vary under particular facts and circumstances, but even if the rule laid down by the cases cited by the plaintiffs is followed, as the allowance of interest is in the nature of damages for the delay in payment, it would seem that a court order, whether in the nature of a *nunc pro tunc* order, or otherwise, would be necessary for interest on the verdict to be added to the judgment as entered. It is, however, unnecessary for us to decide that question as the precise question for our determination seems to be whether any such interest on the verdict can be collected on the judgment entered in this case.

As we have already seen, that judgment was for "One Hundred Thousand Dollars and costs, etc." Any provision relating to interest to be valid and to make such interest collectable must be certain, or, at least, capable of being reduced to a certainty. 1 *Freeman on Judg., p.* 155; see, also, *Blodgett v. Hudson,* 6 *Boyce* 462, 100 *A.* 571; *Thomas v.*

*Mariner,* 5 *Penn.* 571, 66 *A.* 99; *Robinson v. Fisher,* 1 *Boyce* 1, 74 *A.* 365; *Etheridge v. Middleton,* 1 *Marv.* 139, 40 *A.* 714.

By the use of the indefinite character "etc." this judgment does not comply with that rule, and certainly no interest on the verdict can now be collected on it.

The prayer of the defendant company, the petitioner, to have that judgment marked satisfied must, therefore, be granted.