WILLIAM VENETSIANOS, Defendant Below, Plaintiff in Error, *v.* SAM TAMASOFF, Plaintiff Below, Defendant in Error.

*(February* 21, 1938.)

RICHARDS, J., sitting.

*Ernest V. Keith* for Defendant Below, Plaintiff.

*John B. Hutton* for Plaintiff Below, Defendant.

Superior Court for Kent County, No. 10, July Term, 1937.

RICHARDS, J., delivering the opinion of the Court:

This proceeding was taken to reverse a judgment in favor of Sam Tamasoff, plaintiff below.

The reasons relied upon are, that the record does not show that the writ of summons stated the place for the defendant's appearance; that the record does not show that the writ of summons stated the year in which the defendant was to have appeared; that the record does not show that the Justice entered on his docket the nature of counter-claim pleaded by the defendant below in the form of a set-off.

The first two reasons assigned for reversing the judgment are practically the same, as they take exception to the failure of the writ of summons to state the time and place of the defendant's appearance. The function of a writ of summons served upon the defendant in a suit instituted before a Justice of the Peace, is to notify him that the action has been started against him, and to give him an opportunity to appear and defend the same if he cares to do so. In order to fully notify the defendant, such a writ should state the place where he is to appear and the time when he is to appear. When the writ fails to contain this information, a judgment rendered against the defendant in his absence would certainly be reversible. But when the defendant appears at time and place fixed for the hearing, notwithstanding the fact that the time and place of hearing was not set forth in the writ served upon him, he is in a position to defend the suit if he desires to, and that is the real purpose of the writ of summons. By the appearance of the defendant at the hearing before the Justice of the Peace, everything was accomplished which could have been

accomplished if time and place of hearing had been included in the writ of summons. This being true, the defendant's appearance certainly cured these defects in the writ. Our Courts have so held in a number of cases and there is no reason for changing this ruling. *Lewis v. Hazel,* 4 *Harr.* 470; *Jester v. Lekite,* 5 *Harr.* 19; *Blodgett v. Hudson,* 6 *Boyce* (29 *Del.*) 462, 100 *A.* 571.

■■ The next exception, namely, that the record does not show that the Justice entered on his docket the nature of counter-claim pleaded by the defendant below in the form of a set-off, brings up a practically new question.

The doctrine of set-off originated in equity, and it was recognized in Courts of Equity long before statutes were passed permitting set-off in courts of law.

The Delaware statute permitting this procedure is found in *Section* 4500 of the *Revised Code of* 1935, and contains this provision: "In every action before a justice of the peace, within his jurisdiction, it shall be incumbent on the defendant, if he has against the plaintiff any account, demand, or cause of action, cognizable before a justice of the peace, to bring it forward and plead it as a set-off; and the justice shall enter on his docket the nature and amount of such counter-claim; and any defendant, neglecting to do so, shall, if the action against him be prosecuted to judgment, lose such account, demand, or cause of action, and be forever barred from recovering the same." The transcript of the docket entries sent to this Court by the Justice, contains the following reference to the set-off claimed at the hearing before him: "The defendant pleads set-off in the sum of Three Hundred and eight dollars and thirty-five cents ($308.35)." This discloses the amount of the set-off or counterclaim but does not disclose the nature thereof. In addition to the transcript sent up by the Justice, there has been filed in this Court the original set-off filed with the

Justice at the time of the trial; and counsel have agreed that said original set-off shall be considered as a part of the record before the Court. The original set-off above referred to not only contained the nature and amount of the defendant's claim, but said claim was itemized with particularity and the defendant, or any other interested party, could have seen it at any time. In other words, it was just as available as the docket itself. While under a strict reading of the statute, the Justice is required to enter both the amount and nature of defendant's set-off upon his docket, the real purpose of the statute is to have a record made of said set-off for the protection of the plaintiff, and the information of any one who may be interested in the same. Therefore, if there is some notation of the set-off on the docket of the Justice, and the original set-off filed by the defendant setting forth the nature and amount of said set-off is there with the docket as it was in this case, it becomes a part of the docket entries so far as the requirements of the statute are concerned.

The transcript of the Justice, certified by him to be a true and correct transcript of all the docket entries in the case, together with the original set-off filed with the Justice at the time of the hearing before him, are before this Court. When considered together they clearly show the nature and amount of the set-off claimed by the defendant in the proceeding before the Justice.

It seems clear that the requirements of the statute were met in this case and the judgment below is affirmed.