FANNING v. SUPREME COUNCIL OF CATHOLIC MUT. BEN. ASS'N.

(Supreme Court, Appellate Division, First Department.   June 5, 1903.)

1. BENEFICIAL ASSOCIATIONS—CHANGE OF CERTIFICATE—RIGHTS OF BENEFICIA-RIES.

A beneficial association issued a certificate to B. for $2,000, payable to H.   Afterwards, on declaration of B. that the certificate was lost, and application for a duplicate, a new one to like effect was issued.   At that time there was no provision in the association's by-laws for substitution for a lost certificate.   H. still had the original certificate.   The by-laws provided that a member might change the beneficiary named in a certificate by surrendering the certificate.   *Held* that, the member having a right to change the beneficiary in the absence of any contract rights of the original beneficiary, and the provision for surrender of certificate being one for the benefit of the association, which it might waive, a change was effected by the association issuing a new certificate payable to a different beneficiary, on surrender of the substituted certificate alone.

2. SAME—ESTOPPEL.

A member of a beneficial association effected a change of beneficiary by obtaining a duplicate of the first certificate, in which H. was beneficiary, on a declaration that the original was lost, though H. still had it, and then surrendering the substituted certificate, and obtaining one in which H. and another were beneficiaries.   *Held*, that the association was not estopped to deny liability on the first certificate, because H. paid the dues and assessments of the member during his life, it not appearing that they were accepted by the association with knowledge that it was H.'s money, or that the payments were on account of the original certificate, and it not appearing that dues and assessments were paid on two certificates.

3. COSTS ON APPEAL.

Plaintiff sued a beneficial association on a certificate for $2,000, of which $1,500 was payable to plaintiff, and $500 to H.   It appearing that H. claimed the whole $2,000 under a certificate preceding that sued on, an order was made bringing her in as a defendant.   There was judgment for plaintiff for $1,500, and for H. for $2,000.   On appeal judgment was modified so as to entitle H. to only $500.   *Held*, that defendant was entitled to costs of the appeal.

Hatch, J., dissenting in part.

Appeal from Special Term, New York County.

Action by Catherine J. Fanning against the Supreme Council of the Catholic Mutual Benefit Association. Honora Dalton was made a defendant by order of court. From a judgment entered after trial at special term, defendant association appeals. Modified.

Argued before HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

J. A. Corbin, for appellant.

J. Kearney, for respondent.

PATTERSON, J. The plaintiff in this action was the holder of a benefit certificate issued by the defendant, Supreme Council of the Catholic Mutual Benefit Association, to her father, John Brophy, on or about the 5th day of February, 1895. That certificate provided that Brophy was entitled to participate in the beneficiary fund of the association to the amount of $2,000, which sum, at his death, was to be "paid to his daughters Catherine Fanning, $1,200, Honora Dalton, $500, and his son John Brophy $300." John Brophy, the son, assigned his interest in the certificate to the plaintiff. The action was originally brought against the association alone, but, it being shown to the court that Honora Dalton claimed the whole amount of $2,000 under circumstances presently to be mentioned, an order was made bringing her in as a defendant, and in her answer she claimed to be the holder and owner of a benefit certificate issued by the defendant to John Brophy, and that she was entitled to recover from the association the full sum of $2,000.

It appeared in evidence on the trial that in January, 1891, John Brophy became a member of Branch No. 106 of the defendant association; that he procured from the defendant a benefit certificate in the amount of $2,000, in which his wife was named as the beneficiary. She died in 1894. He then surrendered that certificate, and procured a new one, dated June 19, 1894, in which he designated his daughter, the defendant Honora Dalton, as a new beneficiary. On receiving that new certificate, it was given to his daughter Honora Dalton, and it appears that she held it and had it in her possession at the time of the death of her father, which occurred on the 20th of April, 1900. Meantime, and on or about the 13th of December, 1894, her father made an application to the defendant association for a reissue to him of a certificate in place of the one held by Honora Dalton. He made a declaration in writing to the defendant that the certificate of June 19, 1894, issued to him by the association and which was payable to Honora Dalton, had been lost or destroyed, and his application was for a duplicate of the same. That application was granted, and a new certificate, payable to Honora Dalton for $2,000, was issued, dated December 18, 1894. On January 24, 1895, John Brophy (the father) surrendered the last-mentioned certificate to the association and took out a new one, being the one first mentioned above as that upon which this action was brought. The court directed judgment in favor of the defendant Honora Dalton for the sum of $2,000, with interest and costs, and in favor of the plaintiff against the defendant association for $1,500, interest and

costs; thus holding the defendant association to a 'double liability, evidently upon the theory that it was indebted to both the plaintiff and the defendant Honora Dalton upon independent certificates.

That the plaintiff is entitled to recover on the certificate held by her, and the defendant Honora Dalton cannot recover on the one held by her, we think plain. The defendant association is an incorporation having the power to make by-laws for its government, and rules and regulations respecting the issuing of benefit certificates to members of its branches. In 1894, when John Brophy, the father, sought to change the beneficiary under the certificate payable to Honora Dalton, section 5 of the beneficiary fund law of the defendant association provided that "a member may at any time change, alter or amend the designation of person or persons to whom the beneficiary named in his certificate is payable, by surrendering said certificate, after having filled or caused to be filled, the blank which shall be provided for that purpose on the back of the same, providing for new designation, and attach his signature to it. * * * Upon the receipt of the same by the supreme recorder, he shall issue a new certificate in accordance with such change of designation."

When the change of beneficiary was effected here, a certificate payable to Honora Dalton was surrendered, and there was a technical compliance, therefore, with the provisions of this by-law. It is claimed, however, that the new certificate could not be issued without the surrender of the identical one that had previously been issued to, and was held by, the defendant Honora Dalton. There does not seem to have been a provision in the by-laws at the time of the reissue of the certificate relating to the substitution of another for a lost or destroyed certificate. Such a provision was subsequently made, but is not applicable to this case. The provision with respect to the surrender of an outstanding certificate precedently to the issue of a new one is made for the benefit of the association, and, under the rules and regulations of this defendant association, does not differ from a like provision in the Constitution and by-laws of the Catholic Benevolent Legion, considered in Moan v. Normile, 37 App. Div. 617, 56 N. Y. Supp. 339. The provision, being for the benefit of the association, may be waived, and in this case it was waived.

We do not find anything in the evidence to establish that there was fraud or wrongdoing in the substitution of the one certificate for the other. John Brophy, the member of the association, had the right to name a new beneficiary. That was secured to him by the fifth section of the beneficiary fund law. It was a right which did not depend either upon the consent or the volition of a named beneficiary. The object of Brophy in obtaining a new certificate was undoubtedly that he might change the beneficiary upon surrendering a certificate, and thus become able to comply with the by-law of the association; but it is not shown that any contract existed between him and his daughter Honora Dalton that she should continue to be the beneficiary, or that she had a lien upon the certificate, or that fraud or wrong was perpetrated upon her. There was an attempt made on the trial to show fraud, but none was proven. Thus, we have a

case of two certificates outstanding, but they relate to the same insurance, if it may so be called. But one obligation was assumed by or imposed upon the association. The certificate held by the defendant Honora Dalton was not a negotiable instrument; it was subject to change, and it cannot be enforced against the defendant association unless that association is in some way estopped from denying its liability upon it.

It is claimed that such an estoppel exists, because Honora Dalton paid the dues and assessments upon the certificate during her father's lifetime; but it is not shown that those dues and assessments were accepted by the defendant association with the knowledge that the money they received was that of Honora Dalton, or that she was paying them from her own resources, or that they were being paid on account of that particular certificate. The evidence does not show that dues and assessments were paid on two certificates.

Being of the opinion that there is but one liability of the defendant association, and upon one certificate only, the judgment entered below was erroneous, and should be modified so as to adjudge that the plaintiff is entitled to recover of the defendant association the sum of $1,500, and the defendant Honora Dalton is entitled to recover the sum of $500, with interest on both sums from the date of the death of John Brophy, Sr. Costs of the appeal to the appellant the supreme council. All concur, except HATCH, J., who dissents as to costs.