THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK,

*vs.*

HARVEY B. RODNEY and ROSA M. RODNEY,
Administratrix of Robert L. Rodney, deceased.

*New Castle, March* 28, 1921.

In general interest is not due unless there be an agreement to pay it or a default in the payment of the principal debt when due, in which case interest is allowed as damages for detention.

There is no authority which makes it the duty of a debtor to enforce interpleader between his creditors.

Where insured assigned the policy, and both administrator and assignee claimed the money, the insurance company after eight years since proof of loss was entitled to interplead the claimants and to bring the money due under the policy into court without interest thereon, it not having unreasonably delayed payment, the delay, if any, resulting from the claimants' failure to assert their rights.

This cause came before the Chancellor on a petition and motion by the complainant for leave to pay into court money due under a policy of insurance on the life of Robert L. Rodney, deceased. The facts are sufficiently set forth in the opinion of the Chancellor.

*Herbert H. Ward,* for complainant.

*John M. Richardson* and *Andrew J. Lynch,* for defendants.

THE CHANCELLOR. A bill has been filed by a life insurance company for leave to pay into court the principal of an insurance policy and to bring in the two persons who have asserted conflicting claims to it to interplead concerning it. No cause being shown, a decree of interpleader is sought, and the only question is one raised informally and argued as to whether the complainant must also bring into court interest on the amount admittedly due under the policy. The insured died in 1913, and on May 6, 1913, the company ordered payment of the loss. In his lifetime the insured assigned the policy and both the administrator and assignee of the assured claim the money. Must the complainant be ordered to bring in interest from May 6, 1913, as well as the $1,000.00, the amount payable under the policy?

There is nothing in the policy or statutes of the State bearing on the subject. In general, interest is not due unless there be an agreement to pay it, or default be made in payment of the principal debt when due, and in the latter case interest is allowed as damages for detention. When there is a legal contest between persons other than the debtor, rendering it doubtful to whom the debt should be paid, the debtor is not generally chargeable with interest during such contest. 22 *Cyc.* 1558, and cases. This also applies where the debt has been attached (22 *Cyc.* 1559), or there be an injunction against payment (22 *Cyc.* 1560). Under such circumstances the debtor, being in court respecting the disposition of the money he owes, may always relieve himself of any further duty as to it by paying into court the money he owes. Some cases hold that, when moneys have been attached, he is chargeable with interest unless he brings the money into court. 22 *Cyc.* 1560. But unless there be such litigation a debtor, such as the complainant in this case, has no way of paying the money into court, and cannot safely pay it to either claimant. His only relief is to bring a bill of interpleader, and by it obtain leave to pay in the money. Does his omission to bring in the claimants by a bill constitute an unreasonable delay on his part in making payment? I think not.

If the debtor be solvent it is theoretically of no advantage to the claimants to have the money paid into court. Their duty to litigate to enforce their rights is not decreased thereby. They

may prefer and expect to compose their differences without litigation, and so escape costs and expenses of interpleader. There is no authority, so far as I can find, which makes it the duty of a debtor to enforce interpleader. He is not strictly a stakeholder. But even a stakeholder is not required to pay interest on the money in his hands, unless it be shown that he has used it for profit, or mingled it with his own. *Oriental Bank v. Tremont, etc., Co.,* 45 *Mass.* (4 *Metc.*) 1.

In the case of *Mueller v. University, etc.,* 195. *Ill.* 236, 257, 63 *N. E.* 110, 88 *Am. St. Rep.* 194, the Court seemed to think that where the stakeholder does not bring the money into court, he is not chargeable with interest, if he pay promptly after the litigation is terminated. On the other hand, in *Smith v. Fidelity, etc., Co.,* 247 *Pa.* 369, 93 *Atl.* 479, the Court relieved the debtor of a duty to file interpleader because the claimants lived in different jurisdictions. But even this latter decision does not necessarily mean that there is such a duty, for it is at most an excuse for nonperformance of an act, if it be a duty.

The difficulty of finding a controlling, or persuasive precedent is increased by the equitable feature of interest thus expressed in the New Jersey courts:

"It should be borne in mind that the whole tendency of courts of law and courts of equity for a considerable period of time has been to break away from hard and fast rules and charge and allow interest in accordance with principles of equity, in order to accomplish justice in each particular case." *Agnew v. Board of Education,* 83 *N. J. Eq.* 49, 67, 89 *Atl.* 1046, 1054, affirmed 83 *N. J. Eq.* 336, 90 *Atl.* 1135.

On the whole, then, the life insurance company in this case, even after a lapse of nearly eight years since proof of loss was made under a policy of insurance, will be allowed to bring in the amount due under the policy without any interest thereon, for it has not unreasonably delayed payment of money it owes, the delay, if any, being the result of the failure of the claimants of the money to assert their rights thereto.

An order will be entered accordingly.