In the Matter of the Estate of WILLIAM MACKINTOSH, Deceased.

Surrogate's Court, Westchester County, April 17, 1931.

*Barnett Cohen*, for the petitioner.

*William F. Ranscht*, special guardian.

SLATER, S. The deceased, by his last will and testament, gave his entire estate to his widow. He left surviving such widow and three children, the youngest one being born subsequent to the date of his will.

The question submitted relates to the title to two certain policies of insurance. During his lifetime the decedent duly executed and acknowledged valid assignments of all the proceeds of both of the said policies. The originals of said assignments, after his death, were duly filed with the company. The company had no knowledge of either of these assignments until after the decedent's death. The company stands neutral upon the question of the title to the policies, and with the funds now in court the rights of the company are waived and the sole issue is as to who owns the proceeds of the two policies. (*Rothstone* v. *Norton*, 231 App. Div. 59, 61.)

The two policies are subject to assignment by the insured in his lifetime. The widow claims to be the owner by reason of the assignment of the said two policies. The special guardian, in a learned brief, stresses the fact that there is no proof of delivery.

It appears that the assignments were found in decedent's safe deposit box, contained in an envelope in the handwriting of the insured with the policy number thereon, and " Assignment and papers in connection with life policy #80547, $1,000, with profits on my life, William Mackintosh." Another envelope with the other policy contained a similar statement.

The petition by the widow discloses conversation had with the husband with regard to the said policies which is admissible in evidence. (*Ward* v. *N. Y. Life Ins. Co.*, 225 N. Y. 314.)

Annexed to the petition is the original assignment of the policy

to the wife, the petitioner herein, with the original envelopes in the handwriting of the decedent.

Proof of the actual delivery of these assignments is not necessary. The assignments and the memorandum on the envelopes are in themselves sufficient instruments of transfer, and they constitute evidence that all acts necessary to the vesting of title in the petitioner had been performed. (*Miller* v. *Silverman*, 247 N. Y. 447.)

Delivery may be proved by admissions that the property belongs to another. In the instant case we have the admissions. (*Govin* v. *de Miranda*, 140 N. Y. 474.) The declaration of the gift need not be made to the beneficiary nor writing given to her; in fact, her ignorance of the trust is immaterial. It can be said that, in the instant case, there is a written trust declaration, and delivery is not necessary to constitute a valid trust. The owner has declared that he, himself, holds the property in trust for the person designated. A writing creating a trust, kept by the donor without delivery to any one, will be given effect as such by the courts. (*Matter of Brown*, 252 N. Y. 366, 375; *Matter of Brady*, 228 App. Div. 56.)

The proceeds of the two policies belong to the petitioner, the widow.

Submit order.