CHARLES LEVY and Others, as Executors, etc., of ISIDORE GOLD-FELD, Deceased, Respondents, *v.* NEW YORK LIFE INSURANCE COMPANY, Appellant.

First Department, June 20, 1933.

*Ferdinand H. Pease* of counsel [*Louis H. Cooke*, attorney], for the appellant.

*Samuel Hart* of counsel [*Samuel Fischer* with him on the brief; *Charles Levy*, attorney], for the respondents.

MARTIN, J. On June 22, 1925, the New York Life Insurance Company issued a policy of life insurance for $35,000 upon the life of Isidore Goldfeld, in which his wife was named as beneficiary. On August 4, 1930, by indorsements on the policy the policy was changed and made payable to the " insured's executors, administrators or assigns," and at about the same time the defendant was appointed trustee to pay out the proceeds according to the terms of a trust agreement. The insured, on December 15, 1930, revoked the trust, thus leaving the proceeds of the policy payable to his " executors, administrators or assigns." On December 10, 1930, the insured signed and executed his will which appears in the record, by the terms of which he attempted to dispose of the proceeds of the policy in question and which instrument named the plaintiffs as executors and trustees under his will and guardians of the persons and estates of his three children.

Thereafter the insured requested his wife to send for a notary public named Pavone whose services the insured used whenever he required a notarial certificate on legal documents. When Pavone appeared on January 3, 1931, the insured told him that he wished to change the beneficiary named in his policy and he then executed one of the printed forms of the defendant company wherein he stated that the beneficiaries were to be *his wife and three children in equal shares*. This document was witnessed by August S. Rheingold, Lucy Wright and Anthony Pavone and was received by the defendant company through the mail on January 28, 1931.

On the same day, the 3d of January, 1931, the insured also changed the beneficiary on a policy held by him in the Union Central Life Insurance Company, making it payable to his wife. Thereafter and on January 29, 1931, the insured died. A brother of the insured's wife requested that one of the plaintiffs herein, Charles Levy, surrender the policy in question so that the change of beneficiary might be indorsed thereon, but Levy refused to surrender the policy for such indorsement.

The policy contained the following provision with respect to change of beneficiary: " The insured may at any time, and from time to time, change the beneficiary, provided this Policy is not then assigned. Every change of beneficiary must be made by written notice to the Company at its Home Office accompanied by the Policy for indorsement of the change thereon by the Company, and unless so indorsed the change shall not take effect. After such indorsement the change shall relate back to and take effect as of the date the insured signed said written notice of change whether the insured be living at the time of such indorsement or not, but without prejudice to the Company on account of any payment made by it before such indorsement. In the event of the death of any beneficiary before the Insured the interest of such beneficiary shall vest in the Insured, unless otherwise provided herein."

On July 22, 1931, the defendant paid the sum of $26,817.85, the proceeds of the policy, to the wife of the insured in her individual capacity and as guardian of the three children, Celia, Joseph and Harold Goldfeld.

The plaintiffs, as executors of the estate of Isidore Goldfeld, have brought this action to recover the proceeds of the policy. They contend that they are the beneficiaries named therein and that the attempted change of beneficiary made by the insured on January 3, 1931, was ineffectual in view of the failure to have the policy accompany the requested change; that having been named as beneficiaries, they are entitled to the proceeds of the policy.

The court at Trial Term agreed with that contention and directed judgment for the plaintiffs. The defendant appeals from that judgment.

It is argued by the defendant that in making a policy payable to his " executors, administrators or assigns," an insured is not limited to the method of designation set forth in the policy; that this is merely a contract or transaction between the insured and the defendant company; that at the time of the designation of a particular beneficiary in place of his estate the policy is not a contract for the benefit of a third person but is the property of the insured. In the present case the insured expressed his desire in

writing to have the proceeds of the policy paid to his wife and children, and the defendant carried out that wish.

The defendant claims that the insured has a right to ignore provisions which he himself agreed to as to the manner of execution of a power; that he has the right to declare a trust as to the policy which is payable, not to a third party, but to himself, particularly when the policy provides by its terms that the indorsement of a change of beneficiary may be made after the death of the insured. Defendant maintains that the only condition precedent prior to the death of the insured is the signing of the designation; that the delivery of the designation and the policy and the indorsement of the policy while it is necessary for the protection of the company, may take place after the insured's death and relate back to the time the insured executed the change.

The defendant relies upon the case of *Northern Life Ins. Co.* v. *Burkholder* (131 Ore. 537; 283 Pac. 739) where the court distinguished between a policy payable to an insured's estate and a policy payable to a named beneficiary. In that case the insured changed the beneficiary from his estate to an individual by writing the latter's name into the policy without taking any other steps, and the new beneficiary was held to be entitled to the proceeds of the policy. The court said: " When the change or attempted change was made, Marti's ' estate ' was in effect himself. There was no administrator in existence and no actual beneficiary in existence, whose consent was required. The contract at the time was a two-party contract, the insurer and the insured. * * * So, between him and his estate, there was no distinction. What he did, his ' estate ' through him, consented to, and what he did bound his administrator. * * * We are of the opinion that the administrator, who merely steps in the shoes of the deceased, is not in a position to urge the fact that deceased did not exercise his right of selecting a beneficiary, or in transferring the policy regularly, unless the insurer has objected to the transfer of the designation. * * *

"As to the estate of the decedent, it was to all intents existent in the decedent himself when he named Thelma as the beneficiary, and after his death his administrator had no right to dispute his designation. The claim of the administrator is not on behalf of the heirs or the relatives of deceased, but on behalf of the estate, and such a claim, if allowed, would be far-reaching and inequitable in its consequences."

To the same effect are *Prudential Ins. Co.* v. *Young* (14 Ind. App. 560; 43 N. E. 253); *Myers* v. *Eckerson* (288 Pa. St. 468; 136 Atl. 785); *Gaines* v. *Gaines* (99 S. W. 600.)

In *Matter of Mackintosh* (140 Misc. 12) Surrogate SLATER held

that the petitioner, decedent's widow, was entitled to the proceeds of insurance policies upon the life of decedent, payable by their terms to his estate where it appeared that assignments of the policies were found in decedent's deposit box in an envelope in the handwriting of decedent with the policy numbers thereon and a memorandum indicating the assignments thereof to the widow. The surrogate held that proof of actual delivery of these assignments was not necessary, for the assignments and the memorandum on the envelopes were in themselves sufficient instruments of transfer and constituted evidence that all acts necessary to the vesting of title in the widow had been performed. It was held, moreover, that the evidence warranted the finding that there was a written trust declaration contained on the envelope and delivery was not necessary to constitute a valid trust.

The insured was not changing the beneficiary, he was designating a beneficiary. In exercising the right to so designate a beneficiary, he should not be bound to a strict compliance with the provisions of the policy calling for delivery of same to the company with the change of beneficiary. That provision is for the protection of the company or for the protection of some third party who is named as the beneficiary. This transaction, however, is one strictly between the company and the insured. The insured has waived the provisions which were for his protection and the company, in paying the proceeds of the policy, waived those same provisions which were also for its protection. In Bacon on Life and Accident Insurance (4th ed.), section 406, the subject is considered. It is there stated: " Although the rule is settled that change of beneficiary must be made in the manner prescribed by the laws of the society, with some exceptions it is also now equally well settled that the society may waive compliance with the required formalities."

In *Fanning* v. *Supreme Council* (84 App. Div. 205; affd., 178 N. Y. 629) this court held that the provision of the by-laws of the insurer requiring the surrender of an outstanding certificate as a condition precedent to the issuing of a new certificate, being for the benefit of the association, might be and had been waived by it.

In the recent case of *Matter of Chatham Phenix National Bank* (232 App. Div. 598) this court said: " The provision requiring written assent by the insurance company was solely for its own benefit. It could be waived by the insurer, and a prior designee would not be heard to complain. If the action had been brought against the insurance company and it had rested its defense upon its lack of consent, a different situation would be presented. But

it is not defending here. It has waived the requirement of its written approval and leaves it to this court to determine which of these parties is entitled to the proceeds of the policies." (See, also, *Illingworth* v. *Illingworth,* 186 App. Div. 958; *Reid* v. *Durboraw,* 272 Fed. 99; *Navassa Guano Co.* v. *Cockfield,* 244 id. 222; *Zies* v. *New York Life Ins. Co.,* 237 App. Div. 367.)

The insured had the right to designate his wife and children as his beneficiaries without a strict compliance with the terms of the policy when the rights of a third party were not involved and this is particularly true where the insurance company has waived its rights to compel strict compliance with the provisions of the policy.

The defendant contends that having paid the proceeds of the policy to the wife and three children of the insured and having obtained releases from them, the payment of this judgment would amount to an unjust enrichment of the children, since under the will of the deceased insured, the children are to receive an interest in the trusts set up for their benefit, which include the proceeds of the policy in question; that they would receive under certain conditions the major portion of this judgment in addition to their share of the money defendant has already paid.

Another element here present is that the estate of the insured, represented by the plaintiffs, should be bound by the act of the testator; his act is their act and his waiver of any of his rights is their waiver. They are bound when it is shown that he clearly intended that he wanted his wife and children named as beneficiaries and did all that was necessary or that he could do to accomplish that result. The fact that an executor has refused to surrender the policy and thus carry out the wishes of the insured may not be used to obtain a double payment of the policy.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

Finch, P. J., Merrell and O'Malley, JJ., concur; McAvoy, J., taking no part.

Judgment reversed, with costs, and complaint dismissed, with costs.