The Savings Bank of Newport
vs.
Michael Stoneman et al.
Eq. No. 2360.

July 20, 1933.

FROST, J. Heard on bill, answer and proof.

This is a bill of interpleader brought to determine the proper distribution of money now in the hands of the complainant in its capacity as mortgagee.

It appears that on the 14th day of September, 1918, the respondents, Michael Stoneman, his wife, Isabella Stoneman, and Mortimer A. Sullivan, then unmarried, to secure a loan gave to The Savings Bank of Newport a mortgage upon real estate owned by them in the town of Middletown. On May 12, 1931, the property was sold at foreclosure sale and after the claim of the mortgagee was satisfied there remained in its hands the sum of $9,987.24. Subsequent to the mortgage and prior to the sale four attachments were placed upon the property. In addition to these, one attachment was made subsequent to the sale. At the time of the filing of this said bill, no attaching creditor had reduced his claim to a judgment, but since that time several, if not all, of the said claimants have duly established their claims.

It appeared in evidence at the hearing that (Respondent Dorothy R. Sullivan's Ex. 2) Mortimer A. Sullivan married his present wife, Dorothy R. Sullivan, on June 29, 1920.

From the answers of the various respondents and from the testimony taken at the hearing, three questions clearly appear:

a. Is the complainant herein liable for interest on the fund in its hands, for the period during which it has held such fund?

b. Are Isabella Stoneman and Dorothy R. Sullivan, or is either of them entitled to dower rights in the proceeds of the sale now in the custody of complainant?

c. Is a deed of Michael Stoneman's undivided one-half interest in said real estate to his wife, Isabella Stoneman, (Respondent Stoneman's Ex. A), a good and valid deed?

Taking these questions in the order in which they have been stated, it appears that the money now held by complainant is the surplus from a sale of the property resulting after the satisfaction of complainant's own claim. Complainant has argued and has submitted authorities to the effect that it should not be made liable for interest. Some of the respondents have claimed interest to be due but no authorities have been submitted to sustain such position.

No statute, so far as the Court has been able to find, requires that interest be paid under such circumstances. There certainly was no express agreement to pay interest. The complainant is not in the position of an ordinary debtor to these respondents. While it may be said that a Court of equity is affected by equitable considerations in the allowance of interest, it does not appear to the Court that there are any features of this particular case which should cause the Court to require that interest be paid. The money has been and presumably still

is in a checking account. Whether the complainant is receiving interest on that account does not appear but it is immaterial. The complainant has of necessity been prepared to pay the proceeds held by it at all times. It could not safely pay without the sanction of the Court and it has not been dilatory in seeking that sanction.

Under the circumstances of this case and in the absence of positive legal requirement, the Court finds that the complainant should not be required to pay interest. In this connection see:

36 C. J. 182;

Mutual Life Ins. Co. vs. Rodney (Del. 1921), 114 Atl. 163;

Mueller vs. Northwestern University (Ill. 1902) 63 A. E. 110;

Oriental Bank vs. Tremont Ins. Co. (Mass. 1842) 4. Metc. 1.

Isabella Stoneman joined in the mortgage deed of her husband releasing her dower therein. She would still, however, have an inchoate right of dower in her husband's equity of redemption. She, therefore, has an interest in the proceeds now held by the complainant. The value of this interest is the present value of her inchoate right of dower in her husband's equity of redemption, which equity as now reduced to money, is $4,993.62.

This inchoate right of dower cannot be taken from her by any act of her husband and is, therefore, not subject to attachment by her husband's creditors. It is, however, subject to attachment at the hands of her own creditors.

Dorothy R. Sullivan upon her marriage became the possessor of an inchoate right of dower in her husband's equity of redemption in said real estate, since the mortgagors, so far as appears, remained in possession of the land. She now has an interest in one-half of the said proceeds to the extent of the value of her inchoate right of dower. Her interest has not been at-

tached, so far as appears, and if the parties are unable to agree upon the value of her interest, the Court will hear testimony and determine the value, at such time as the parties may desire to appear before it.

The foregoing statements and conclusions are supported, it is believed, by the following citations:

19 C. J., p. 482, section 78; p. 491, sections 100-103 incl., p. 518, sec. 170;

9 R. C. L., p. 582, 594;

Scribner on Dower, 2d edit. Vol. 1, p. 501 et seq.;

Buzick vs. Buzick et al. (1876) 44 Iowa 259;

Wood, Gdn. &c. vs. Price et al., (1910) 79 N. J., Eq. 14; 27 L. R. A. 252;

DeWolf, Receiver vs. Murphy et als. (1877) 11 R. I. 630;

Eddy, App't. vs. Moulton et al. (1880) 13 R. I. 105;

Atwoods vs. Arnold (1902) 23 R. I. 609;

Brusco vs. Pate, (1931) 51 R. I. 222.

It appears in evidence that Michael Stoneman deeded the real estate in question to his wife by deed dated September—, 1928. It was acknowledged on May 5, 1931, and recorded on May 6, 1931.

It does not appear that the creditors who attached subsequent to September, 1928, and prior to May 6, 1931, had any notice or knowledge of this conveyance and the Court, therefore, finds that it is void as to them.

Chap. 297, Sec. 2, Gen. Laws of R. I. 1923.

It is also argued that the deed is void under the provisions of Section 1 of said Chapter 297. It does not appear what unsecured creditors Michael Stoneman had when he signed the deed in September, 1928, or if he had any, but it does appear that he had such on May 6, 1931, when the

deed was acknowledged and placed on record, with the intention of making it effective against third persons. Isabella Stoneman was not, in the opinion of the Court, a bona fide purchaser for 'value without notice. Upon all the evidence the Court finds that the conveyance was one made to delay, hinder or defraud creditors and for that reason is void as against said Michael Stoneman's creditors.

Having in mind the foregoing considerations, it follows that the money now in the hands of the complainant should be distributed as follows:

a. Payment to Dorothy R. Sullivan of the present value of her inchoate right of dower.

b. Payment to attaching creditors in the order of their attachments in those instances where claims have been reduced to judgments, to the extent that such judgment can be satisfied. In the cases where claims have not been liquidated, if there be any, payment may be made into the registry of the Court of an amount equal to the ad damnum of the writ, if such amount be available.

Following this order, payment should next be made (1) to respondents, James W. and Michael J. Sullivan, out of those portions of the proceeds belonging to Michael and Isabella Stoneman; (2) then to Aquidneck National Exchange Bank & Savings Company out of the portion of the proceeds belonging to Michael Stoneman; (3) then to Newport Trust Company out of the proceeds belonging to Michael and Isabella Stoneman and Mortimer A. Sullivan; (4) then to Patrick J. Murphy out of the proceeds belonging to Michael Stoneman and Mortimer A. Sullivan; (5) then to Mortimer A. Sullivan, in his capacity as executor under the will of Alexander Booth, out of the proceeds belonging to Michael Stoneman, if any there be.

For complainant: Burdick, Corcoran & Peckham, M. A. Sullivan.

For respondents: F. F. & J. H. Nolan, Robert M. Franklin.