BARNET WITT, Appellant, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY OF BOSTON, MASSACHUSETTS, Respondent.— Order of the Appellate Term affirming an order of the Municipal Court of the City of New York, Borough of Brooklyn, granting summary judgment to the defendant in an action by a claimed beneficiary under two policies of insurance affirmed, with costs. Plaintiff was not the legally designated last named beneficiary in the policies at the time claims for payment thereunder were presented. When he was named by indorsement upon the policies as beneficiary, no rights vested in him that were not subject to change perforce the express language of the indorsement, which reserved the right to make a further and different designation. The provision providing that a change of beneficiaries could only be accomplished with the consent of the company by an indorsement on the policies was one for the benefit of the insurer, which it could waive if it saw fit so to do. The fact that at a time when the policies had lapsed, such waiver was procured by a false representation that the policies were lost, made by the deceased to induce the company to issue certificates of lost policy, did not change the legal situation so far as the company was concerned. It had a strict legal right to make payment to the person designated as the beneficiary at the time of the death of Ethel Drucker, the deceased. The one who answered to that description was her son, Joseph Drucker. The fact that at this late date when the payment was made the company had learned that Witt asserted an equitable claim based on his status as creditor and his one-time designation as beneficiary, did not disable the company from acting under the beneficiary clause and making payment to the one last named under it. (*Nolan* v. *Prudential Insurance Co.*, 139 App. Div. 166.) A different situation might exist if plaintiff as a creditor had been a party to the original issuance of the policy and the company had knowledge of that creditor status at that time (*Smith* v. *National Benefit Society*, 123 N. Y. 85; *Stronge* v. *Knights of Pythias*, 189 id. 346), which situation is not here present. There the contracts of the parties in effect disabled the insured from making a change of her beneficiary to the detriment of the creditor. No such provision in the arrangement between the parties here disabled the deceased from making a change or resulted in a waiver of her right so to do. A former beneficiary has no veto power over the right of the insured to change a beneficiary and he cannot assume to exercise such a veto power by refusing to give up the policy (*Lahey* v. *Lahey*, 174 N. Y. 146; *Baley* v. *Prudential Insurance*

*Co. of America,* 147 Misc. 488), it being sufficient for an insured, in the absence of the policy, to do all that is required of him to change a beneficiary. The lack of possession of the policy could not prevent the insured from changing the beneficiary. The question is one of simple contract between the insured and the insurer. Lazansky, P. J., Carswell, Scudder and Tompkins, JJ., concur; Young, J., dissents and votes to reverse and deny defendant's motion for summary judgment, with the following memorandum: I am unable to agree with the conclusion reached upon this appeal. At the time the defendant paid the amount of these policies to Joseph Drucker, it had knowledge of plaintiff's claim to be the true beneficiary and also the fact that the original policies were in existence in plaintiff's possession, properly indorsed for his benefit, and that no subsequent indorsement of Drucker's name as beneficiary had been made on the policies. Under the terms of the policies, therefore, the designation of Drucker as beneficiary, not having been indorsed on the policies, as provided, was void and of no effect. At the time of such payment the defendant was in no position to waive the provisions of the policies requiring such indorsement in favor of Drucker as against the claim of plaintiff as the true beneficiary whose designation had been properly indorsed on the original policies. The insured was then dead and the right of plaintiff as a true beneficiary had vested. Both Drucker and the insured well knew, when the attempted designation of the former was indorsed on the certificate of lost policies, that the original policies were in fact in plaintiff's possession and were not lost or destroyed as represented by the insured to the company. No effort was made to obtain the policies, but they were falsely represented to the company as being lost or destroyed. The company, at that time, had no such knowledge, and without full knowledge of all the facts there could be no waiver, even if it be assumed that this provision was solely for its benefit. Had the defendant refused to pay Drucker, and had it defended a suit by him based upon the designation indorsed on the certificate of lost policy, he could not successfully assert any waiver on the part of the company in view of the false representation made by him concerning the loss of the policies. Therefore, I do not think that the defendant can now rely upon any such waiver to defend its payment to Drucker. The certificate of lost policy itself recited that it was " issued on the representation that the Policy   *   *   *   has been lost or destroyed, and upon the agreement that should said Policy be found to be in existence, this Certificate shall be returned to the Company and be of no effect."