In the Matter of GEORGE H. ITTLEMAN et al., as Executors of LENA ITTLEMAN, Deceased, et al., Appellants and Respondents.

CITY OF NEW YORK, Respondent and Appellant.

Argued May 21, 1941; decided July 29, 1941.

*Joseph B. Kenny, Harry B. Chambers, Harry H. Chambers* and *Leo H. Rich* for petitioners, appellants and respondents. The sum withheld by the Comptroller to cover the amount of the probable assessment for benefit was part of claimant's award. Claimants had a statutory right to interest upon it, and that right was never waived. (N. Y. City Charter [L. 1901, ch. 466, as amd.], §§ 981, 988.)

*William C. Chanler, Corporation Counsel (Daniel M. Cohen, Julius Isaacs* and *Lewis Orgel* of counsel), for City of New York, respondent and appellant. In accordance with the agreement, the petitioners were paid the amount of the award they agreed to take " in full settlement " of their claims. Retention by the Comptroller of the fund to pay assessments against the petitioners' remaining property was lawful and was part of the method of payment required by the agreement. (*Matter of City of New York* [*Chrystie St.*], 264 N. Y. 319; *Reilly* v. *Barrett*, 220 N. Y. 170; *Grote* v. *City of New York*, 190 N. Y. 235; *Matter of Seybel*, 120 App. Div. 291; 194 N. Y. 589.) The agreement contained no provision for interest on the fund retained by the Comptroller. There was no default by the city nor any statute requiring the payment of such interest. Interest is, therefore, not recoverable. (*Matter of Trustees of New York & Brooklyn Bridge*, 137 N. Y. 95; *Matter of Bergen*, 237 N. Y. 452; *Matter of City of New York* [*East 29th St.*], 273 N. Y. 62; *Gillespie* v. *City of New York*, 3 Edwards' Ch. 512.)

DESMOND, J. In June, 1931, a proceeding for the condemnation of a large number of parcels of land at Rock-

away Beach in the city of New York had reached a point where awards had been made to the owners and a tentative decree filed. The city, however, was not then ready, and would not be ready for a long time, to fix the amount of the benefit assessments which were to be levied against lands benefited by the improvement. In instances where claimants in the condemnation proceedings were eventually to be charged with such benefit assessments on their remaining lands as well as to be paid awards for their lands taken by the city, it was considered important by the city that the awards be not paid without first deducting the amount of the benefit assessments. The city wished, also, to stop the running of interest on the awards and the claimant-owners wished to collect their awards without waiting for the final fixing of the benefit assessments. At this juncture there was entered into, with the approval of the city's Board of Estimate, a stipulation between the city and certain of the claimant-owners, including the assignors of the petitioners herein. The stipulation provided, as to those owners who joined in it, that the awards theretofore made to them should be included in a final decree, that such awards should be accepted by these consenting claimants, and that the amount of the awards, with interest from the time of the taking of the land but less an amount to be estimated by the Comptroller as necessary to cover the benefit assessments, should be paid to the consenting claimants or their assignees. This estimated amount for benefit assessments was to be held by the Comptroller, the stipulation provided, until the benefit assessments should be finally fixed. There was in the stipulation no mention of any interest to be paid or allowed on the withheld moneys. Under this stipulation there was paid on October 1, 1931, to petitioners as assignees of a consenting claimant, the sum of $131,377, the amount of the award to their assignor, together with interest thereon to that date of $45,346.96, but less $23,315.48, estimated by the Comptroller as the probable amount of the benefit assessment deductible from this award. In April, 1934, this benefit assessment against petitioners was fixed by a

final decree at $20,554.42. In June of that year petitioners petitioned the Comptroller for payment to them of the entire withheld amount, on the theory, not now seriously contended for, that none of this assessment was properly due from them. The Comptroller did not pay anything to these petitioners until 1938. Meanwhile, in May, 1936, by a local law adopted by the city of New York (Local Law No. 16 of 1936), the amount chargeable against these petitioners and others, for benefit assessments, was further reduced with the proviso that the surplus held by the Comptroller above the amounts of the benefit assessments, as thus finally reduced, should be repaid by him " without interest." By this local law the benefit assessment chargeable against these petitioners' withheld amount of $23,315.48 was fixed at $13,319.92 and the Comptroller in 1938 paid to petitioners the difference of $9,996.58, which amount petitioners accepted under protest, claiming interest.

Special Term has held that no interest at all is due them. The Appellate Division modified this determination and allowed them interest from the date of their unfounded demand for the whole amount in 1934, up to the time of payment in 1938, on $2,760.96, which is the difference between the amount originally withheld by the Comptroller and the amount fixed by the 1934 decree.

We agree with Special Term that petitioners here have shown no basis for any allowance of interest. Interest is allowed only when provided for by contract, express or implied, or by statute, or when, as damages, it becomes due after a default by the person liable to pay. (*Matter of Trustees of N. Y. & Brooklyn Bridge*, 137 N. Y. 95, 98.) Here the stipulation between the city and the owners, although it specified an inclusion of interest in the amount first to be paid to the owners, omitted any mention of interest on the moneys to be withheld. We find no statute requiring the payment of interest on moneys held by the Comptroller on a special contract like the stipulation here. Nor do we find in the record any proof of any default by the Comptroller.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division. (See 286 N. Y. 695.)

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and CONWAY, JJ., concur.

Ordered accordingly.