THE MUTUAL LIFE INSURANCE COMPANY, Plaintiff, *v.* KATHERYN GERVASINI and MARGARET RUA, Defendants.

Supreme Court, Trial Term, New York County, February 2, 1942.

*Louis W. Dawson*, for the plaintiff.

*Joseph Logomasini*, for the defendant Margaret Rua.

*Herman Ovberg* [*Kotzen, Mann & Siegel* of counsel], for the defendant Katheryn Gervasini.

BERNSTEIN, J.   The plaintiff has brought this interpleader action to determine the respective claims of the defendants to the proceeds of two insurance policies upon the life of Emil P. Gervasini, now deceased.   Pursuant to order, it has deposited those proceeds in court to await the outcome of the action.

The policies were issued on May 25, 1918, and designated the defendant Katheryn Gervasini, wife of the insured, as beneficiary, with the reserved right to the insured to change such beneficiary by filing written notice thereof with the insurer and submittiing the policies to it for suitable indorsement of the change. Each policy provided for the payment of a premium of $46.81 annually until twenty full years' premiums shall have been paid or until the prior death of the insured, and the last premiums fell due on May 25, 1937, and were paid. The insured died on December 26, 1940, at which time the policies were in full force and effect.

The defendant Gervasini claims the proceeds not only by virtue of her original designation as beneficiary but also by virtue of an oral gift of the policies, alleged to have been made to her by her husband shortly after their issuance. The defendant Rua, a daughter of both the insured and his widow, claims those proceeds not only by virtue of a notice of her substitution as beneficiary, sent by the insured to his insurer on September 2, 1939, but also by virtue of a written assignment to her of the policies on October 18, 1940, properly filed with the insurer. Asserting that she has paid or advanced all the premiums upon the policies after the first year, the defendant Gervasini further contends that, in the event that she be held to have failed in her claim to the proceeds, she be adjudged to have an equitable lien upon those proceeds for her payments or advances of those premiums.

The proof tendered by the defendant Gervasini upon the issue of an oral gift to her of the policies was utterly incredible. It consisted largely of testimony of transactions with the deceased which, though received in evidence under the authority of *Ward* v. *New York Life Ins. Co.* (225 N. Y. 314), failed to meet the test of preponderance demanded by a critical scrutiny of such transactions. (*McKeon* v. *Van Slyck*, 223 N. Y. 392, 397.) It was not only inherently improbable but it was contradicted by all the established circumstances. Even her possession of the policies, pointed to as corroborative of her story of a gift, lent it no probative force in the light of her indicated inclination and opportunity to abstract them from her husband's safe after their estrangement and of her husband's later claim that they had been lost. On all the evidence, the court has found no difficulty in disbelieving that story of an oral gift.

In that view, the defendant Gervasini's right, if any, to the proceeds of the policies must depend upon her status as the designated beneficiary. That status, in turn, must depend upon the effect of her husband's notice of the substitution of his daughter as such beneficiary and of his later assignment of the policies to his said daughter.

Each policy provided that " the insured, if there be no existing assignment of this policy, may, from time to time, while this policy is in force, designate a new beneficiary, * * * by filing written notice thereof at the home office of the company accompanied by this policy for suitable endorsement hereon. Such change shall take effect upon the endorsement of the same on the policy by the company." In September, 1939, the insured notified the insurer of the loss of his policies, and of his desire to substitute his daughter for his wife, and requested that it issue duplicate copies for indorsement of the change. The insurer responded that it would issue duplicate copies of the lost policies under enumerated conditions but would not permit the change unless the original policies be produced or the original beneficiary join in the application. Since the insured was in no position to comply with either condition nothing more was done at the time but, on October 18, 1940, the insured executed and filed an instrument under seal which not only confirmed his prior change of beneficiary and the giving of notice thereof but assigned to his daughter the policies themselves.

The right of the insured to effect a change of beneficiaries was a controlling provision of his contract of insurance, and the original beneficiary had no veto power over that right. The absence of the policies could not prevent the insured from exercising that right as against such original beneficiary. The requirement of an indorsement of the change on the policies was one which was intended to protect the insurer and, as such, one which it could waive if it saw fit to do so. If an action had been brought against the insurer and it chose to defend upon the lack of an indorsement a different situation might arise. Inasmuch as the insurer is not defending, that situation, however, does not arise. By its interpleader it has waived the requirement and left it to the court to determine which of the claimants is entitled to the fund on deposit. (*Matter of Chatham Phenix National Bank*, 232 App. Div. 598; *Rothstone* v. *Norton*, 231 id. 59; affd., 256 N. Y. 601; *Witt* v. *John Hancock Mutual Life Ins. Co.*, 246 App. Div. 614; *Greenfield* v. *Massachusetts Life Ins. Co.*, 253 id. 51; *Considine* v. *Considine*, 255 id. 876.)

On that issue the court must find for the defendant Rua. For a number of years prior to his death the insured had been estranged from his wife. There had been bitter matrimonial litigation between them. Their children had ranged themselves on the side of their father. The insured's attitude was thus one of antagonism toward the wife and solicitude for his daughter. He had even ceased to pay his premiums to defeat his wife's beneficial interest. When he discovered that she had paid some of those premiums

and had kept the policies alive. he resorted to his right to change his beneficiary and, in the absence of the policies, did everything possible to effectuate such change. In that view, the notice of change sent to the insurer in September, 1939, and the subsequent assignment of the policies in October, 1940, effected a change of beneficiary in favor of the defendant Rua, and entitled her to the proceeds as against the defendant Gervasini.

Evidence was tendered upon the trial to show that the defendant Gervasini had paid all the premiums on the policies in suit since 1919. Except as to premiums covering the years 1931 to 1937, inclusive, that defendant failed to sustain her burden of proof on that issue. Sufficient was shown, however, to establish that she paid the premiums for those last seven years, presumably to avoid a lapse. The aggregate of those payments, with accrued interest to December 22, 1941, amounts to $694.03. She has thereby acquired an equitable interest in the proceeds as security for the repayment of her advances, and should be reimbursed therefor from the fund on deposit. (3 Pomeroy's Equity Jurisprudence [5th ed.], § 1243; *McCarthy* v. *Prudential Ins. Co.*, 252 N. Y. 459; *Nolan* v. *Prudential Ins. Co.*, 139 App. Div. 166; *Matter of O'Neill*, 143 Misc. 69.) The balance of said fund is to be paid over to the defendant Rua.

Judgment is directed in accordance with the foregoing, without costs. Settle decision and judgment.