**NEW YORK LIFE INS. CO. v. COOPER et al.**

Civ. 19–585.

District Court, S. D. New York.

April 5, 1944.

Ferdinand H. Pease, of New York City, for plaintiff.

Jacob D. Goldzweig, of Brooklyn, N. Y., for defendants, The Cooper Children.

KNOX, District Judge.

Plaintiff insurance company brought this action under the Federal Interpleader Act, Section 24(26) of the Judicial Code, as amended by Title 28 U.S.C.A. § 41(26), and filed its bond in the sum of $15,155.-69, which covered the face proceeds of certain insurance policies covering the life of David Cooper, but not the interest thereon. By agreement, all issues involved, except one, have been settled between the parties. The issue of plaintiff's liability for interest on the principal sums of the policies has been submitted to the Court for determination.

Three policies insuring the life of David Cooper were in force on June 2, 1941, the date of his death. Prior to May 29, 1941, benefits under these policies were payable to the children, and three sisters of the insured. On May 29, 1941, insured com-

pleted all acts required of him to effect a change of beneficiaries of said policies. By this change, one son was excluded from sharing in their proceeds, and the insured's second wife was added as a beneficiary. The terms of the policies provided that no change of beneficiary should be effective unless the plaintiff endorsed such change upon the back of each policy. The policies, with the requested changes, were received by the insurance company on the morning of June 2, 1941, but appropriate endorsements were not placed thereon until after the death of the insured. One further fact should be mentioned. Prior to the time such changes were made, David Cooper brought suit against his children in which suit a counterclaim was interposed, it being therein alleged that insured and the mother of the children had, for a valuable consideration, agreed that the children were to be the sole beneficiaries of said policies. Insured did not reply to the counterclaim. Plaintiff here was a party to said action.

▆ The argument is now advanced that plaintiff acted wrongfully, and should be required to pay interest on the principal sums involved because, with knowledge of the uncontested claim of the children, it perfected the change of beneficiaries after the death of the insured thereby making necessary the negotiations and settlement, and causing the delay in payment of the principal of the policies. I do not find force in this argument. By the terms of its contract with the insured, plaintiff had no right to exercise any discretion in endorsing or refusing to endorse a change of beneficiary made by the insured. Such endorsement was a mere administrative act required before the change would be effective so that notice to the company of all changes would be assured. This construction is corroborated by the terms of the agreement itself which made the change effective, not as of the date of the endorsement, but as of the date when all acts required of the insured had been performed. In cases where a change of beneficiary has been contested, the Courts have held that an endorsement required by the terms of a policy may be waived by the insurance company and further, that the

institution of an action for interpleader by the company can be said to constitute such waiver (Considine v. Considine, 255 App.Div. 876, 7 N.Y.S.2d 834; Levy v. New York Life Ins. Co., 238 App.Div. 711, 265 N.Y.S. 377, affirmed 266 N.Y. 570, 195 N.E. 204; Witt v. John Hancock Mutual Life Insurance Company of Boston, Mass., 246 App.Div. 614, 282 N.Y.S. 874). The fact that the endorsement was made after the death of the insured is of no moment. Such a possibility was foreseen by the parties for the policies provided that "after such indorsement the change shall relate back to and take effect as of the date the Insured signed said written notice of change whether the Insured be living at the time of such indorsement or not. * * *" The insurer can waive any act required by the terms of a policy to effect a change of beneficiary which were not completed prior to the death of the insured (Chatham Phenix National Bank & Trust Co. v. Travelers Insurance Co. of Hartford, Conn., 232 App.Div. 598, 251 N.Y.S. 43).

Necessity for negotiation and settlement may not be solely imputed to the action of the plaintiff in recognizing the change in beneficiaries made by the insured on May 29, 1941. Prior to such change three sisters of the insured were named as beneficiaries. If the children's claim that they alone should share the proceeds of the policies were pressed, settlement between the children and their aunts would have been necessary had there been no change of beneficiary.

▆▆ After the insured's death on June 2, 1941, conflicting claims to the proceeds of the policies were filed with plaintiff between June 24, 1941 and August 26, 1941. Thereafter, by letter and otherwise, plaintiff was advised that negotiations looking to the settlement of these claims were in progress. These continued until August 6, 1942, when suit was brought by the second wife of the insured to compel payment of the amounts due her under the policies as changed on May 29, 1941. Plaintiff's time to answer was adjourned and readjourned on the basis of continued efforts for a settlement. Such situation continued until November 13, 1942 when

plaintiff filed its bond with this Court and upon its approval, filed a complaint in this action for interpleader. Since it is stipulated that the terms of the contracts between the parties did not call for the payment of interest, and since payment of interest is not required by statute, the question to be determined is whether or not plaintiff has wrongfully withheld payment of the insurance moneys so as to render itself liable for the payment of interest thereon. Interest is allowable only when provided for by contract, by statute, or when, as damages, it becomes due after wrongful detention by a person liable to pay. Matter of Ittleman, 286 N.Y. 150, 36 N.E.2d 89; Mutual Life Insurance Company v. Rodney, 12 Del.Ch. 294, 114 A. 163.

Beyond doubt, plaintiff is not liable for interest from November 13, 1942. Upon filing its bond and the institution of this action for interpleader, it had taken all steps afforded by the law, or which could possibly be required of it. It had secured the funds in question to the contestants and had divorced itself from all use thereof, Mutual Life Insurance Company v. Rodney, supra; Groves v. Sentell, 5 Cir., 66 F. 179.

The issue then narrows to whether or not plaintiff should be required to pay interest from the date of the filing of the proofs of death to November 13, 1942. Upon the facts here presented, I think it should not be required to do so. It is hardly necessary to determine whether plaintiff was negligent in not sooner bringing this action, or was under a duty to bring such action at an earlier date. To my mind the continued negotiations toward settlement of the adverse claims made by defendants; the fact that plaintiff was constantly kept advised of the progress of said negotiations and the part that it would be requested to play therein, together with the circumstance that the lawsuits arising out of the conflicting claims were not actively pressed and that the parties thereto were given numerous extensions of time within which to move or answer, should properly be construed as a waiver by defendants of their right to claim that the interpleader should have been filed at an earlier date. It was to the benefit of the claimants that an action for interpleader be not filed, that they be not put to this additional expense and that they be afforded every opportunity to compose their differences. Plaintiff should not be penalized for acceding to their desires. Ætna Life Ins. Co. v. Wade, 210 Ala. 170, 97 So. 636; Mutual Life Ins. Co. v. Rodney, supra.

In making this decision I have in mind the opinion of Cardozo, C. J., in Prager v. New Jersey Fidelity & Plate Glass Ins. Co., 245 N.Y. 1, 156 N.E. 76, 52 A.L.R. 193, in which he pointed out that if a claimant is to be made whole, interest should be awarded since he has been without the use of the funds while such use was enjoyed by the withholding party. This rule must give way when considerations of equity and justice demand it (Tuzzeo v. American Bonding Co., 226 N.Y. 171, 123 N.E. 142), and that demand is here present.