■ In the Matter of the Estate of HAIM BERNSTEIN, Deceased. RICHARD A. LONGO, Appellant; JOSEPH BERNSTEIN et al., as Executors of HAIM BERNSTEIN, Deceased, Respondents. [603 NYS2d 505] —In a proceeding pursuant to SCPA 2103 to discover property withheld from the estate of Haim Bernstein, deceased, Richard A. Longo appeals from a decree of the Surrogate's Court, Westchester County (Emanuelli, S.), dated February 6, 1991, which, after a nonjury trial, declared the executors to be the rightful owners and beneficiaries of a life insurance policy on the life of the decedent, and directed the insurer to pay the entire proceeds of that life insurance policy to them.

Ordered that the decree is affirmed, with costs payable by the appellant personally.

Prior to November 1, 1984, Richard A. Longo and the decedent Haim Bernstein owned separate closely-held corporations doing business as insurance brokers. On November 1, they executed an agreement merging their businesses into a single entity effective January 1, 1985. They were the sole shareholders of the new entity. In conjunction with the merger agreement, they executed a shareholder's agreement requiring each, inter alia, to obtain an insurance policy on the other's life in the face amount of 1.5 million dollars. The purpose of the insurance was to provide a source of funds for the surviving shareholder to purchase the other's interest in the new entity.

Both principals obtained insurance as required under the shareholder's agreement. On or about December 10, 1985, Bernstein notified Longo in writing that he was rescinding the merger agreement, in accordance with its terms, effective the close of business on December 31, 1985.

On January 3, 1986, Longo delivered to Bernstein's secretary an envelope containing the insurance policy on Bernstein's life and the policy owner's change application that

Longo had subscribed. In a transmittal memorandum, he wrote "since we have dissolved our agreement it is no longer necessary that we continue holding life insurance on each other". The transmittal memorandum indicated further that Longo wanted to retain the policy obtained on his own life and would assume payments for that coverage. Bernstein was advised that he could do the same with the policy Longo had obtained on Bernstein's life.

Bernstein died on January 4, 1986, within the grace period during which the policy was still in effect. Longo wrote to the insurer on January 8, attempting to revoke any "policy ownership change".

Both Longo and the executors of Bernstein's estate claimed they were entitled to the proceeds of the subject policy. After a nonjury trial, the Surrogate declared that Bernstein's executors were the rightful owners and beneficiaries of the subject policy. The Surrogate directed the insurance company to pay the policy proceeds to them.

On appeal, Longo contends, *inter alia,* that the Surrogate erred in holding that he had surrendered his interest in the subject policy prior to Bernstein's death. We disagree.

Longo obtained insurance on Bernstein's life in order to have a source of funds to purchase Bernstein's interest in the event of his death while their joint venture was still in existence. He had no legitimate reason to maintain the policy on Bernstein's life after the corporation was effectively dissolved on December 31, 1985. The actions taken by him on January 3, 1986, as indicated in the transmittal memorandum, clearly evince his intention to surrender his interest in the policy. Indeed, at the nonjury trial, Bernstein's secretary testified that Longo handed her the envelope on January 3, told her he did not need the insurance policy anymore, and he had "signed it over to [Bernstein]". The evidence in the record was sufficient to establish a transfer or assignment of Longo's entire interest in the policy to Bernstein even though the envelope containing the documents was never actually delivered to Bernstein *(see, Matter of Mackintosh,* 140 Misc 12; *see generally, Mutual Life Ins. Co. v Holley,* 280 NY 330; 69 NY Jur 2d, Insurance, § 1032).

We have considered Longo's remaining contentions and find them to be without merit *(see, Moskowitz v Equitable Life Assur. Socy.,* 252 App Div 75, 77). Mangano, P. J., Balletta, Rosenblatt and Ritter, JJ., concur.