HYMAN GOODMAN, Also Known as HERMAN GOODMAN, Plaintiff, v. NEW YORK LIFE INSURANCE COMPANY, Defendant.

Supreme Court, Special Term, Kings County, May 26, 1941.

*Murray M. Cowen*, for the plaintiff.

*Louis H. Cooke*, for the defendant.

SMITH, J. On July 16, 1934, the defendant issued a policy insuring the life of one Joe Goodman for the sum of $5,000. A brother of the insured, plaintiff herein, was originally made the beneficiary thereof. On February 7, 1941, the insured died and thereafter defendant admittedly received due proof of his death.

Plaintiff has instituted the present action to recover upon the policy and the defendant now moves for an order, upon payment of the sum of $3,971.44 into court, substituting the insured's widow in place of itself as defendant. The basis upon which the application for the order of interpleader is predicated is as follows: Subsequent to the issuance of the policy, and on September 24, 1939, the insured married one Rose Tittelbaum Sandler. A few days prior to his death the insured allegedly authorized the execution of an instrument designating her as beneficiary in place of his brother. This instrument was received by the defendant company on February 28, 1941, which was subsequent to the insured's death. On March 4, 1941, the defendant indorsed such change of beneficiary upon the policy.

Plaintiff, in opposition to the present motion, not only alleges that the application for the change of beneficiary was not authorized by the insured, but he argues that even assuming the fact that it was so duly authorized, the insurance company could not effectively approve such change subsequent to the death of the insured. This latter contention is predicated upon the assumption that his right to the proceeds of the policy became fixed and vested on February seventh, the date upon which the insured died, and that the subsequent indorsement by the company of the policy could not effectuate a divestiture of such right.

A consideration of the terms and conditions of the policy, in so far as applicable, suggests the fallacy of the contention. There it is provided that " The Insured may from time to time change the beneficiary, unless otherwise provided by indorsement on this Policy or unless there be an existing assignment of this Policy. Every change of beneficiary must be made by written notice to

the Company at its Home Office accompanied by the Policy for indorsement of the change thereon by the Company, and unless so indorsed the change shall not take effect. After such indorsement the change will relate back to and take effect as of the date the Insured signed said written notice of change whether the Insured be living at the time of such indorsement or not, but without prejudice to the Company on account of any payment made by it before receipt of such written notice at its Home Office."

If the insured did indeed authorize the change of beneficiary, a fact which is strenuously denied by plaintiff, it becomes apparent that under the foregoing provision plaintiff's claims to the proceeds of the policy did not become fixed and vested in him on February 7, 1941, the date of the insured's death. When an insured has done all within his power to procure a change of beneficiaries, the court will give effect to his intent. The subsequent indorsement of the change by the company is regarded as ministerial only. The applicable rule, as set forth in section 323 of 2 Couch on Insurance, is: "It may, however, be safely said to be a well-established proposition of law that where an insured, in attempting to change the beneficiary in his certificate or policy, has done everything in his power to conform to prescribed conditions and formalities, but dies before completion thereof, the desired change will be deemed effected so as to cut off the contingent rights of the deposed beneficiary, especially if all that remains to be done is some purely ministerial duty on the part of the officers or agents of the insurer."

This statement of the law has been expressly approved by the Appellate Division of the Third Department in *Greenfield* v. *Massachusetts Mutual Life Ins. Co.* (253 App. Div. 51, 54).

A consideration of the above provision of the policy, when viewed in the light of the applicable principles of law, will reveal the hazardous position of the defendant company in now facing the action brought on by plaintiff and who claims, in any event, that the insured never authorized the purported change of beneficiary. Were it not, therefore, for the following additional circumstance, an order of interpleader would properly issue.

In his application for the issuance of a policy the insured stated that he was born on August 25, 1894. Upon the basis of certain documentary proof, defendant now claims to have ascertained that the insured was in fact born on August 25, 1889. An applicable provision of the policy reads: " Age — If the age of the Insured has been misstated, the amount payable hereunder shall be such

as the premium paid would have purchased at the correct age." Because of the alleged misstatement of age, and in accordance with the above provision, the company denies its liability for the sum of $5,000 here sued upon, but professes its entire willingness to pay into court, upon interpleader, an adjusted amount in the sum of $4,158, less the amount of a loan and interest thereon in the sum of $206.77, totaling the sum of $3,971.44.

In order to justify the granting of an order of interpleader, however, the defendant, among other things, must fully admit liability; a *pro tanto* admission of liability will not suffice. Even were the defendant to pay the admitted indebtedness of $3,971.44 into court, there would persist still the question of its liability for the remainder depending upon whether in fact there had been a misstatement by the insured of his age at the time of his application for insurance.

Under such circumstances an order of interpleader may not issue and the motion, in so far as it seeks that relief, is denied. Defendant, however, is entitled to invoke that provision of section 287 of the Civil Practice Act which reads: " * * * upon it appearing that the defendant disputes in whole or in part the liability as asserted against him by different claimants or that he has some interest in the subject-matter of the controversy which he desires to assert, his application may be for an order joining the other claimant or claimants as co-defendants with him in the action."

If defendant be, therefore, so advised, an order joining the widow as a party defendant in the present controversy will be entered. The order to be entered thereon will be settled on notice.

As pointed out above, the defendant company admits its indebtedness upon the policy in the sum of $3,971.44, payable to the particular claimant legally entitled thereto. Plaintiff applies herein, by way of a cross-motion, for partial summary judgment as to that sum. In view of the conflicting nature of the claims which have been asserted against the fund, however, that motion is denied.