Arthur Ervin Blauvelt, J.
Plaintiff seeks a judgment declaring that she is entitled to one half of the proceeds of a life insurance policy issued by the Metropolitan Life Insurance Company under a group contract with Eastman Kodak Company, which company was the employer of the deceased insured Victor Perctval Van Alstine.
The action was instituted by plaintiff against the Metropolitan Life Insurance Company, the Eastman Kodak Company and Richard Frederick Van Alstine. However, subsequently and pursuant to stipulation of all parties, an order was entered in this action discontinuing and dismissing the action as against *960 the Metropolitan Life Insurance Company and the Eastman Kodak Company, upon payment into court of the entire proceeds of the insurance claimed, namely $11,200, and directing the plaintiff and Richard Frederick Van Alstine, hereinafter referred to as the defendant, to interpléad together concerning their claims to the proceeds. In compliance with said order, the insurance company has paid the money into court and the action has been dismissed as to the Metropolitan Life Insurance Company and Eastman Kodak Company, without costs or disbursements.
The case has been submitted for decision upon the facts stipulated in writing by the plaintiff and defendant and their respective attorneys, from which the following appears. '
Victor Percival Van Alstine, a resident of Rochester, New York, was employed by the Eastman Kodak Company in the roll coating department of its Rochester plant from July 12, 1929, until his death on Sunday, April 20,1958. He was married to Lula Bell Van Alstine from 1930 until her death on December 18, 1946. The defendant Richard Frederick Van Alstine is a son of this marriage. Plaintiff Grace E. Van Alstine is the widow of Victor Percival Van Alstine, hereinafter called the insured, she having married him on June 6, 1948 and remained his wife until his death.
Plaintiff and defendant are residents of Monroe County, New York. The Metropolitan Life Insurance Company is a New York corporation authorized to issue life insurance policies, including life insurance by group contract, in the State of New York. Eastman Kodak Company is a New Jersey corporation hiring numerous employees at its plant in Rochester, New York. Prior to January 23, 1930, at Rochester, New York, Eastman Kodak Company procured to be issued by Metropolitan Life Insurance Company a life insurance contract known as Group Contract No. 34, which contract remained in force and effect at all subsequent times herein mentioned, and pursuant to which contract the insured Victor Percival Van Alstine and various other Kodak employees insured their lives. Eastman Kodak Company, as employer, administered this group contract at all times from its issuance up to and including June 5, 1958, the date of the commencement of this action. This group life insurance contract contained a provision as follows: “ Section 12, CHANGE OF BENEFICIARY AND OPTIONAL MODES OF SETTLEMENT.— Any employee covered hereunder may, from time to time, change the beneficiary by filing written notice thereof with the Employer accompanied by the certificate of such Employee. Such change shall take effect upon endorsement thereof by the *961 Employer on such certificate, and unless the certificate is so endorsed, the change shall not take effect. After such endorsement the change will relate back to and take effect as of the date the Employee signs the said written notice of change, whether the Employee be living at the time of such endorsement or not but without prejudice to the Insurance Company on account of any payment made by it before receipt of such written notice. ’ ’
A succession of certificates of insurance beginning in 1930, each certificate bearing No. 15561 and each supplanting the one last preceding, was at Rochester, New York, duly issued to the insured as such employee, pursuant to the group contract, evidencing insurance on his life. Lula Bell Van Alstine, the then wife of the insured, was the duly designated beneficiary of the insurance until her death in 1946. Effective June 30, 1948, insured’s then wife. Grace E. Van Alstine, the plaintiff herein, was duly designated as the beneficiary. On July 15, 1957 the beneficiary was changed from plaintiff to defendant and on August 9,1957 an ‘ ‘ Election of Installment Settlement ’ ’ was executed by the insured and delivered to his employer directing payment of the insurance proceeds upon the death of the insured to the defendant in accordance with a schedule therein specified. It is conceded by plaintiff and defendant and it is readily apparent that on July 15,1957 defendant became the duly designated sole beneficiary under insured’s last certificate of insurance, and continued as such sole beneficiary at all times thereafter, except as his rights may have been modified by what thereafter transpired on and after April 18,1958.
On April 12, 1958, the insured was admitted as a patient in Genesee Hospital, in Rochester, New York, suffering from heart disease and he remained in said hospital continuously until his death on April 20, 1958. No question is raised concerning his mental competency during this period of his hospitalization. On Friday, April 18, 1958, at about 4:00 p.m., the insured orally instructed his wife (plaintiff) to remove the “ policy ” (referring actually to the last certificate) from a box in the garage at his Rochester residential premises and to take it to his Rochester attorney, John Noonan, for the purpose of having the insurance changed' so that each of said Grace E. Van Alstine (plaintiff) and Richard F. Van Alstine (defendant) should be beneficiary thereof to the extent of one half the proceeds. Mr. Noonan, as attorney for the insured, had on or about April 1, 1958, prepared, supervised the execution of and recorded two deeds of distinct parcels of real property whereby insured conveyed his title to these parcels to himself and his wife as tenants *962 by the entirety. Pursuant to the oral instructions of her insured husband and on the same Friday afternoon of April 18, 1958, plaintiff secured the insurance certificate from the box in the garage, at the same time finding with the certificate a circular which she read. This circular is an undated printed form letter from Eastman Kodak Company addressed “ To Kodak Men and Women.” Among other things, the letter instructs employees who desire any information as to the procedures to be followed if change of designation of beneficiary is necessary not to hesitate to inquire of the employee’s department head or supervisor. The general practice with respect to change of beneficiary of group insurance prevailing on April 18, 1958, within the roll coating department of Eastman Kodak Company was to refer an applicant to a subordinate of the personnel supervisor of that department who would furnish an application form to the insured, receive it back after it had been executed by the applicant, and together with the insured’s certificate of insurance forward it to the industrial relations division of the company, by which division the application would undergo further processing, eventually resulting in the indorsement of the certificate of insurance with a notation of change of beneficiary. After obtaining the insurance certificate and the circular from the box in the garage, at about 4:30 p.m. on this same Friday, April 18, 1958, plaintiff telephoned to Eastman Kodak Company and talked with one William G. Moore, a foreman in the roll coating department, telling Mi’. Moore that her husband wanted to change the beneficiary of his group life insurance and inquiring if she could obtain a form for that purpose. Mr. Moore replied that he was not the person to attend to her request and that he doubted that anything could be done before the following Monday (April 21); and Mr. Moore furnished plaintiff with the office extension number and home telephone number of a Mr. Carl Behrndt, the personnel supervisor of the roll coating department of Eastman Kodak Company. Plaintiff then immediately called both telephone numbers furnished her but was unsuccessful in her efforts to contact Mr. Behrndt and to speak with him by telephone. Plaintiff then this same afternoon, pursuant to the above-mentioned verbal instructions of her husband the insured, delivered the insurance certificate to her husband’s attorney, Mr. Noonan, at his residence in Rochester, New York, and told him that her husband had sent her to him with the certificate and that her husband wanted a change of beneficiary to give her one half of the proceeds of the insurance. Mr. Noonan personally drafted in longhand a written form of notification *963 of change of beneficiary, providing that the proceeds of the insurance be paid upon the death of the insured, one half to the plaintiff and one half to the defendant. This change of beneficiary form was signed and executed by the insured in his hospital room about 7:30 p.m. on this same Friday, April 18, 1958, after which he handed the instrument to Mr. Noonan by whom it was retained, together with the certificate of insurance. As above, stated, the insured died Sunday, April 20, 1958. It should be noted that neither Eastman Kodak Company nor Metropolitan Life Insurance Company was open for the transaction of ordinary business on Saturday, April 19, 1958, or on Sunday, April 20, 1958. On the following Wednesday, April 23, 1958, Mr. Noonan mailed a photocopy of the notice of change of beneficiary, together with a letter from him requesting that the change be effected, to each respectively the Metropolitan Life Insurance Company and the Eastman Kodak Company. The certificate of insurance was retained by Mr. Noonan in his possession. Letters of reply from Eastman Kodak Company, dated April 30, 1958 and May 22, 1958 and letter of reply from Metropolitan Life Insurance Company, dated April 30, 1958 were received by Mr. Noonan. The letter of May 22, 1958 from Eastman Kodak Company to Mr. Noonan states in its pertinent part: “ We are advised that the change of beneficiary executed by the deceased on April 18, 1958, cannot be accepted. The reason of this lies in the fact that the change of beneficiary was not endorsed by the insurance carrier on the Certificate of Insurance. The requirement for endorsement for change of beneficiary is a part of the Insurance Contract by the Eastman Kodak Company and Metropolitan Life Insurance Company under which Mr. Van Alstine’s Certificate, No. 15561, was issued.”
Thereafter this action was started by plaintiff, following which by court order on stipulation of the parties the insurance proceeds in the amount of $11,200 were paid into court, the action dismissed as against Metropolitan Insurance Company and Eastman Kodak Company, and the plaintiff and defendant were directed to interplead, as aforesaid.
Plaintiff claims that the insured had effectively designated her as beneficiary to the extent of one half of the proceeds of the policy of insurance by execution of Exhibit D and delivery of the same to his attorney with instructions to effectuate the change, it being contended that the insured had done all that was possible during his lifetime to effect the desired change.
Defendant contends that the intention of insured to change the beneficiary under the policy was never accomplished because *964 Eastman Kodak Company did not receive the notice of change of beneficiary until after the death of the insured and because the intended change of beneficiary never has been indorsed on the certificate, as required by the provisions of section 12 of the Group Contract No. 34, hereinbefore quoted.
The insured presumably had paid premiums on this policy over a great number of years, starting in 1930. It was his right to designate the person or persons who would receive the proceeds of the policy upon the death of the insured. The right to change the beneficiary was reserved to the insured by the above-quoted section 12 of the group contract and by section 2 of the last certificate of insurance, which states in part: “ Section 2. Beneficiary. You may change your beneficiary at any time by written notice to the Employer.” The group contract and the certificate of insurance provided for the method to be followed in effectuating a change of beneficiary. If this were an action against the insurance company, the failure of the insured to have strictly complied with the requirements of the group contract might have been fatal to the plaintiff’s claim. However, the provisions of the group contract regarding the method of changing beneficiaries were waived by the insurer and the employer when the money was paid into court and they withdrew from the action, leaving the rival claimants to settle the controversy inter se. This seems to be a well-settled rule followed by the courts of this State on the theory that the policy provisions relating to the manner in which changes of beneficiary are to be made are obviously for the protection of the insurance company so that double liability may not be occasioned and that the defense of noncompliance is available only to the insurance company. (Considine v. Considine, 255 App. Div. 876, and cases cited therein; Rothstone v. Norton, 231 App. Div. 59, affd. 256 N. Y. 601; Mutual Life Ins. Co. v. Gervasini, 178 Misc. 121, affd. 265 App. Div. 847; McPherson v. Equitable Life Assur. Soc., 114 N. Y. S. 2d 695; Siegel v. Tankleff, 95 N. Y. S. 2d 178; White v. White, N. Y. S. 114; 3 Appleman, Insurance Law Practice, § 1063.)
This action being an equitable one, it must be decided upon equitable principles. (Clerk v. Mosher, 107 N. Y. 118.) Under the facts and circumstances of this ease a court of equity must seek to do that which the insured intended to have done. It is self-evident that the insured and his agent attorney did all that was reasonably possible during the period from Friday April 18, 1958, until the insured’s death on Sunday April 20, 19*58, in order to effect the desired change of beneficiary. It appears that this court of equity should give effect to the *965 expressed desire and intention of the insured to make a change in the named beneficiary. (Lahey v. Lahey, 174 N. Y. 146; Luhrs v. Luhrs, 123 N. Y. 367; Tormey v. Travelers Ins. Co., 6 A D 2d 13; Greenfield v. Massachusetts Mut. Life Ins. Co., 253 App. Div. 51, motion for leave to appeal denied, 277 N. Y. 737; 46 C. J. S., Insurance, §§ 1175, 1186; 29 Am. Jur., Insurance, §§ 1315, 1320.)
Accordingly, I conclude that the plaintiff Grace E. Van Alstine and the defendant Richard Frederick Van Alstine are each entitled to one half of the amount of the insurance proceeds money deposited in court, together with any accrued interest thereon, less the fees of the depository, without costs to either party.
The foregoing constitutes the findings of fact and conclusions of law of this court as contemplated by section 440 of the Civil Practice Act.
A declaratory judgment based upon this decision may be settled on five days’ written notice, if the parties are unable to agree thereon.