John D. Bennett, S.
Several objections have been filed by alleged creditors and the decedent’s widow to the final accounting of the executor. The creditors’ claims have been disposed of by negotiations between the interested parties and the widow has withdrawn objections 4b, 5, 6 and 8.
The decedent died leaving an insurance policy dated August 10,1927, bearing several indorsements changing the beneficiary. The last-named beneficiary was a bank as trustee under the decedent’s will dated December 6, 1940.
On September 2, 1955, the decedent revoked his 1940 will and executed his last will which was probated in this court.
The decedent’s widow was named beneficiary prior to the time that the decedent changed the beneficiary to the bank mentioned heretofore.
The executor and special guardian request that the court determine one of four ways to distribute the insurance proceeds which the insurance carrier had turned over to the executor as escrowee pending the decision of the court. The carrier has not requested any specific method of distribution.
The four proposed methods of distribution are: 1) to give the proceeds outright to the wife as beneficiary on the theory *125 that the 1940 designation lapsed or was revoked, thereby reinstating the wife; 2) to give the proceeds to the executor to be added to the decedent’s gross testamentary estate on the theory that all named beneficiaries have been revoked, and as to that portion, he died intestate; 3) to give the proceeds to the named trustee in the residuary clause of the 1955 will; and 4) to distribute in accordance with the terms of the 1940 will.
The widow claims that her husband intended that she was to be the beneficiary of the insurance policy. The undisputed facts are that the decedent always thought of his wife as the beneficiary and, in fact, believed that steps were taken by the bank to change the beneficiary.
A memorandum on the executor’s stationery advised the decedent that $6,000 of insurance was payable to his wife. The decedent had no insurance other than the policy in question wherein the wife was a beneficiary. A letter dated September 7, 1961 from the executor indicated that the decedent thought the policy here was payable to his wife. The insurance policy provided that the insured could change the beneficiary at any time by submitting his designation in writing.
Ordinarily the revocation of one beneficiary does not reinstate a prior named beneficiary (Luhrs v. Supreme Lodge of Knights & Ladies of Honor, 7 N. Y. S. 487) and the insured must substantially comply with the terms of the insuring agent in order to change the beneficiary (Appleman, Insurance Law and Practice, Vol. 2, § 943).
When an insurance carrier withdraws after depositing proceeds of an insurance policy leaving the contest as to distribution solely between the interested claimants, the court will exercise equity and seek to do what the insured apparently intended and award the fund to the claimant having the strongest claim under existing conditions (McPherson v. Equitable Life Assur. Soc. of U. S., 114 N. Y. S. 2d 695). The provisions regarding the changing of the beneficiaries are solely for the benefit of the insurer, and when they are waived by the carrier’s withdrawing from the proceedings for the distribution of the proceeds, the insured’s failure to comply with such provisions is not controlling and the rights and equities of plaintiffs and named beneficiaries must be left to the court’s determination regardless of such failure, especially where the insured clearly expresses a desire to designate a new beneficiary and takes positive action evidencing such intent (McPherson v. Equitable Life Assur. Soc. of U. S., supra, p. 698; Goodman v. New York Life Ins. Co., 177 Misc. 14; Van Alstine v. Metropolitan Life Ins. Co., 23 Misc 2d 959).
*126 Since the insurance carrier has waived compliance of the method in changing the beneficiary, and the widow’s claim has not been disputed by any of the parties, and, in fact, one of the alternatives suggested by the executor and the special guardian is to distribute the proceeds to her, the court, in view of the facts set forth above, finds that the decedent intended the widow to be the beneficiary of the insurance proceeds and his wishes should in fairness be followed.
The other alternatives suggested are without' merit. The second and third suggestions of the executor must be based on the theory that no beneficiary was selected by the decedent. The findings set forth heretofore establish otherwise. The fourth alternative would be contrary to the expressed intent of the decedent by his revoking his 1940 will.
The widow’s objections and the court’s rulings based on the above, are as follows:
Objection 1 objects to the failure of the executor to allow to the objectant widow of the decedent the sum of $6,480, representing the proceeds of the insurance policy mentioned heretofore. The objection is sustained.
Objection 2 objects to the listing of the proceeds of the insurance policy under schedule A as an asset of the estate. The objection is sustained.
Objection 3 objects to the failure of the account to list as income due to the objectant and passing outside of the estate, the interest on the insurance proceeds amounting to $534.47, together with interest that accrued from the date the executor received the proceeds as escrowee. The objection is sustained.
Objection 4a objects to the executor claiming commissions on the insurance proceeds and the interest earned thereon. The objection is sustained.