Marshall E. Livingston, J.
This is a motion for summary-judgment, pursuant to CPLR 3212, declaring that plaintiff is entitled to one third of the proceeds of a life insurance policy issued by the Metropolitan Life Insurance Company (Metropolitan) under Group Contract No. 34 with Eastman Kodak Company (Kodak), the employer of the deceased insured Joseph E. Custer.
Plaintiff, an only brother of the deceased, commenced the action. Thereafter, the defendants impleaded Robert G. Custer, the deceased’s only son, Susanne Custer and “ Robert ” Custer (actually named Timothy Custer), the deceased’s infant grandchildren and only children of Robert G. Custer, and asked for a determination as to the rights of the respective impleaded individuals, purported to be beneficiaries of the policy in question.
*636 At the time this motion6was heard, Metropolitan and Kodak asked to withdraw and be discharged from further liability and for a direction by the court as to disposition of the sum of $17,200, the face amount of the insurance policy.
On December 11, 1967, this court ordered that Kodak and Metropolitan retain the sum of $17,200, and accrued interest, until the final determination of the adverse claims between Robert CL Custer, the son, and Raymond W. Custer, the brother, Susanne Custer and Timothy Custer, grandchildren, and thereupon be discharged from further liability. The order also provided that at the time of determination or settlement, the expenses of Kodak and Metropolitan in defending these claims, and that of the court-appointed guardian ad litem of the infant grandchildren be allowed and paid out of the funds.
The matter is now submitted upon all the pleadings, affidavits and other exhibits handed up by all parties, even though Metropolitan and Kodak are now actually stakeholders awaiting the decision of this court.
There is substantially no dispute with respect to the material facts around which this controversy arose.
On January 1, 1955, Metropolitan, on behalf of Kodak, issued Group Life Insurance Certificate No. 60557, under Group Contract No. 34, to Joseph E. Custer, with Robert G. Custer named as beneficiary.
In January of 1967 while Joseph E. Custer was a patient at Strong Memorial Hospital, Davis E. Whitcomb, an administrative assistant in the Industrial Relations Department at Kodak, was informed that Mr. Custer wished to change the beneficiary of his group life insurance. Accordingly, Mr. Whitcomb requested that Pauline D. Nack, a supervising visiting nurse employed by Kodak, go to the hospital and see Mr. Custer about the matter. On January 6, 1967, she visited Mr. Custer at the hospital and talked with him for some time before raising the subject of a change in beneficiary. “ Mr. Custer was weak, but his mind seemed clear. He sat up, put on his glasses, and gave me the information concerning the change of beneficiaries which he desired ”.
The nurse had two forms for designating beneficiaries with her, and they were completed by her in accordance with Mr. Custer’s instructions. Mr. Custer executed both forms, and the nurse witnessed and returned them to Mr. Whitcomb, who made them a part of Mr. Custer’s insurance file. This change was never indorsed on the certificate because Mr. Custer did not have it with him in the hospital. It appears that the certificate *637 was received by Kodak on February 1, 1967, from Robert G. Custer, the son, as a part of his proof of claim.
The change of beneficiary forms signed by the deceased, dated January 6, 1967, designated the new beneficiaries as follows: “ Name Robert IF. Custer Age 65 Relationship brother Residing at 713 Pittsford-Victor Rd. Pittsford N Y
(number) (street) (city, state)
“ Name Susanne Custer Age 8 Relationship granddaughter Residing at 81 Gregory St Rochester N Y 14608
(number) (street) (city, state)
“ Name Robert Custer Age 5 Relationship grandson Residing at 81 Gregory St. Rochester N Y 14608
(number) (street) (city, state)
in equal shares, or to the survivors in equal shares, or to the survivor. ’ ’
It appears uncontradicted that there is no “ Robert W. Custer ”, a brother of the deceased, nor is there a “ Robert Custer ”, a grandson of the deceased. The misnomer by the deceased of his brother’s and grandson’s names is not fatal to the designation of each as a beneficiary, provided the designation is a valid one.
Here the deceased correctly described his brother’s age and address. He also accurately stated his grandson’s age and the street on which he lived, albeit the street address and zip code apparently are inaccurate. I note, however, that zip code 14608 listed for Gregory Street actually is the zip code number for Greig Street, which is listed on the next line below Gregory Street in the Rochester area zip code index.
In addition, there is disinterested, uncontradicted and strongly corroborative parol evidence furnished by one Alice Marie Shumway, a neighbor of the deceased, who resides with her husband on West Lake Road, Honeoye, New. York, next door to a cottage owned by the deceased Joseph E. Custer. A portion of her affidavit serves to bolster the factual background on the date when the change of beneficiary forms was prepared for and executed by the deceased. Mrs. Shumway’s affidavit states:
“ Deponent further says that she and her husband drove to the Hospital on the evening of January 6th. to see the said Joseph; at that time she brought his mail to him. He sat up in bed, looked it over and then threw away the third class mail that he called ‘ junk ’ He was quite interested in a letter from the Strong. He was wondering how much his bill would be and said he wanted to show it to his brother Ray. In response to her inquiries he showed how [sic] how the oxygen apparatus worked. He also told her that the nurse from Kodak had come *638 to the Hospital that morning and that he he [sic] changed his Kodak insurance to his brother and two grand-children. Adding, in words or in substance, that his son Bob would get the cottage anyway, and that there wasn’t anything he could do about it. He also asked her not to say anything about what he had just told her and she didn’t until after his death and funeral.
“Deponent further says that during their visit the said Joseph seemed very weak physically but very much himself mentally and as she and her husband had always known him. ’ ’
In this case the latent ambiguities as to the proper names of the brother Raymond and the grandson Timothy are coupled with residences which fit each claimant. The accurately stated ages and relationships of the plaintiff brother and the impleaded infant defendants also show the definite intent of the deceased to identify the persons he attempted to describe.
Accordingly, parol evidence typified by the affidavits here available is not only helpful but is decisive in my opinion to require a holding that the deceased’s brother Raymond W. Ouster and his grandchildren, Susanne Custer and Timothy Custer were the persons Joseph E. Custer intended to name in the change of beneficiary forms he completed on January 6, 1967 (see Matter of Coughlin [Daly], 171 App. Div. 662, affd. 220 N. Y. 681).
The remaining question concerns whether the change of beneficiary was valid so as to replace the deceased’s son Robert G. Custer, as beneficiary on Certificate No. 60557.
Robert G. Custer, an interpleaded defendant, argues that the change of beneficiary form signed January 6, 1967, was not attached to Certificate No. 60557, nor were the changes indorsed on the certificate, as required. It should be noted here that the requirements 'relating to change of beneficiary of Group Contract No. 34 considered by Mr. Justice Blauvelt in Van Alstine v. Metropolitan Life Ins. Co. (23 Misc 2d 959) were identical with the provisions in the policy in this case. The contract itself contained, and still contains, a provision as follows: ‘ ‘ Section 12, change of beneficiary and optional modes of settlement. — Any employee covered hereunder may, from time to time, change the beneficiary by filing written notice thereof with the Employer accompanied by the certificate of such Employee. Such change shall take effect upon endorsement thereof by the Employer on such certificate, and unless the certificate is so endorsed, the change shall not take effect. After such endorsement the change will relate back to and take *639 effect as of the date the Employee signs the said written notice of change, whether the Employee he living at the time of such endorsement or not hut without prejudice to the Insurance Company on account of any payment made by it before receipt of such written notice. ”
The certificate here contains this abstract or simplified form of section 12: “ Section 2. Beneficiary.— You may change your beneficiary at any time by written notice to the Employer. Any change in beneficiary must be endorsed by the Employer on this certificate. ”
Therefore, under the contract, on February 1, 1967, when Kodak received the certificate from Robert G. Custer, it could have indorsed the certificate, and the indorsement would have been valid and related back to January 6, 1967. However, because the certificate was submitted by the son, Robert G. Custer, with a proof of claim, Kodak chose to await a determination between the parties. It could then not make payment to any of the parties ‘ ‘ without prejudice ’ ’, because it had notice of the change in beneficiaries on January 6,1967.
Concededly Metropolitan and Kodak are holding the funds and awaiting a decision by the court as to the persons who are entitled thereto. The provisions of the policy referred to in the certificate of insurance relating to a change of beneficiaries were waived by Kodak and Metropolitan when the order was made permitting their withdrawal from the action as active parties (Van Alstine v. Metropolitan Life Ins. Co., 23 Misc 2d 959, 964, supra; Matter of Wolfe, 47 Misc 2d 124, 125 and cases cited; cf. Lahey v. Lahey, 174 N. Y. 146, 155).
In the case at bar Joseph E. Custer died January 19, 1967, while he was still a patient at Strong Memorial Hospital, nearly two weeks after the forms for change in beneficiaries were signed by him and delivered to Kodak’s representative.
It is undisputed that the certificate which Kodak was waiting to indorse was not in Joseph E. Custer’s possession, so he was not able to deliver it to the company. His son, Robert G. Custer, had possession of and presented the certificate to Kodak when he filed his proof of claim on or about February 1, 1967.
It is self-evident that Mr. Custer did all he could under the circumstances to effect the change. True, possibly he might have communicated with his son Robert and asked him to deliver the certificate to Kodak. He did not choose to do so, and this should not thwart his clear intention. Furthermore, none of the new beneficiaries in any way interfered or even knew they might be recipients of the benefits of the policy.
*640 There was substantial compliance with the provisions of the certificate, and as Mr. Justice Blauvclt so aptly said in the Van Alstine case (supra, pp. 964-965): “ It appears that this court of equity should give effect to the expressed desire and intention of the insured to make a change in the named beneficiary. ”
In my judgment the facts here are undisputed. Neither defendant Robert G. Custer’s answer nor his affidavit raises any triable issues of fact.
The motions for summary judgment by plaintiff Raymond W. Custer, joined in by the special guardian for the infants Susanne Custer and Timothy Custer, are granted, without costs, and they shall take the proceeds of Certificate No. 60557 in equal shares, as provided bv the designation of beneficiaries dated January 6, 1967.
Submit order, approved as to form, after special guardian submits affidavit of services and expenses in this matter. The order shall include provision for an allowance to defendants’ counsel and to the special guardian, in accordance with the prior order herein, dated December 11, 1967.