(February 22, 1988)

■ EDNA ANDROVETTE, Respondent, v KATHERINE B. TREADWELL, Also Known as KATHERINE BARON, Appellant.—In an action to determine conflicting claims as to the proceeds of a group life insurance policy, the defendant appeals from a judgment of the Supreme Court, Orange County (Fitzer, J. H. O.), dated August 20, 1987, which, after a hearing, ordered the proceeds which had been held by the Commissioner of Finance of Orange County pursuant to an order of the Supreme Court, Bronx County (Shapiro, J.), dated September 13, 1985, to be paid to the plaintiff.

Ordered that the judgment dated August 20, 1987, is reversed, on the law and the facts, with costs, and the Commissioner of Finance of Orange County is directed to pay the proceeds, together with any interest which has accrued thereon, to the defendant.

When the decedent, a retired firefighter, died on October 25, 1984, his estate consisted of approximately $250,000, plus a $25,000 group life insurance policy issued by Prudential Insurance Company of America (hereinafter Prudential) and administered by the Uniform Firefighters' Association of Greater New York, Local 94, International Firefighters Association AFL-CIO (hereinafter Uniform Firefighters' Association). When the group insurance card was originally signed by the decedent on January 5, 1978, his wife, the plaintiff herein, was the designated beneficiary. At the time of his death, the defendant was listed as the designated beneficiary.

On July 29, 1987, a hearing was held before Judicial Hearing Officer Fitzer. This hearing was limited to the acts of the decedent to effect a change of beneficiary. George Leutz, an employee of the policyholder Uniform Firefighters' Association, was in charge of the administration and maintenance of the Prudential insurance program. He testified that for the past 10 years the procedure to effect a change of beneficiary has been to have the participant come to the office and advise a clerk of the proposed change. The clerk would then remove the old beneficiary and insert the name of the new beneficiary. This procedure was followed many thousands of times. There was no requirement that the participant sign or initial the change, and Prudential always accepted the cards with these changes. Leutz testified that sometime in 1984 the decedent came to the office stating he wanted to change his beneficiary. Leutz directed the decedent to a clerk who made the written changes. Although Leutz was not present during the conversations between the clerk and the decedent, he recognized the clerk's handwriting and testified she was no longer in the employ of the Uniform Firefighters' Association. At that time, the decedent also had his address and telephone number changed, and it was conceded by the plaintiff's attorney that the decedent had often expressed his intent to designate the defendant as his new beneficiary.

By decision dated July 29, 1987, Judicial Hearing Officer Fitzer acknowledged that the change of beneficiary was made upon the decedent's direction, but opined that, pursuant to EPTL 13-3.2, the change had to be signed and this statutory mandate was not waivable by Prudential. In the judgment

appealed from, the plaintiff was awarded the proceeds of the insurance policy.

Pursuant to EPTL 13-3.2 (d), "[a] designation of a beneficiary or payee to receive payment upon [the] death of the person making the designation or another must be made in writing and signed by the person making the designation". The beneficiary card herein was signed by the decedent and the provisions written in. Thus, the statute was complied with. As the decedent followed all the procedures required by Uniform Firefighters' Association and Prudential and a signature was not required to effectuate a change of beneficiary, the new designation became effective when the clerk whited out the plaintiff's name and inserted the defendant's name as the new beneficiary pursuant to the decedent's direction.

With respect to the provision in the policy which stated that "[t]he new designation will take effect on the date the notice was signed", it should be noted that that provision was for the benefit of Prudential and was waived when Prudential became a stakeholder and was removed from the action. As we held in *Kane v Union Mut. Life Ins. Co.* (84 AD2d 148, 154, quoting from *Matter of Wolfe,* 47 Misc 2d 124, 125), "[w]hen an insurer becomes a stakeholder, it waives its right to require compliance with the terms of the contract. The contest as to distribution remains solely between the interested claimants and 'the court will exercise equity and seek to do what the insured apparently intended and award the fund to the claimant having the strongest claim under existing conditions' " *(see also, Cable v Prudential Ins. Co.,* 89 AD2d 636). In this case the decedent clearly demonstrated his intention to name the defendant as his beneficiary. His desire to exclude the plaintiff from his estate is bolstered by the fact that, despite leaving an estate valued at approximately one quarter of a million dollars, he executed a will leaving her a mere $100. Thompson, J. P., Brown, Eiber and Sullivan, JJ., concur.